IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANNIE BELL LAMBERT,** | * | |
| **Plaintiff,** | * | |
| | | CASE NO. 08-_____ |
| v. | * | 1:08cv80-SRW |
| **WINN-DIXIE STORES, INC.,** | * | **Formerly in the Circuit Court of Houston County, AL** |
| **Defendant.** | * | Case No. 08-900008-L |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, you are hereby notified that Winn-Dixie Stores, Inc., Defendant in the above-styled cause, has removed this action from the Circuit Court of Houston County, Alabama to the United States District Court for the Middle District of Alabama.

1. On or about January 7, 2008, Plaintiff commenced an action in the Circuit Court of Houston County, Alabama, entitled: <u>Annie Bell Lambert v. Winn-Dixie Stores, Inc.</u>, Civil Action No. CV-2008-900008, by filing a Complaint. Plaintiff's Complaint alleges that Winn-Dixie negligently or wantonly allowed a cooler to leak onto the floor of one of its stores, causing her to fall and sustain physical injuries and damages, including medical expenses, lost wages, pain and suffering, mental anguish, and/or emotional distress. (Plaintiff's Complaint, ¶¶ 2 and 3). Plaintiff's Complaint seeks compensatory and punitive damages in an unspecified amount. (Plaintiff's Complaint).

{B0803980}

### Removal is Timely

2.     According to the Houston County Circuit Clerk's office, Plaintiff's Complaint was filed on January 7, 2008. Winn-Dixie Stores, Inc. received notice of this suit on January 14, 2008.

3.     Winn-Dixie filed this Notice of Removal within thirty (30) days of Plaintiff filing this Complaint. Therefore, this removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy v. Brothers, Inc. v. Michetti Pipe Storing, Inc.*, 526 U.S. 344 (1999).

4.     Copies of all process, pleadings, and other papers received by Defendant Winn-Dixie's counsel and the entire Circuit Court file for Houston County are attached hereto as Exhibit "A." The Circuit Clerk of Houston County has been notified of this removal.

5.     This action is removable pursuant to 28 U.S.C. § 1441. Any civil action brought in the state court in which the District Courts of the United States would have had original jurisdiction is removable. This action could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs.

### Complete Diversity Exists

6. At all times material hereto, Plaintiff Annie Bell Lambert has been a resident citizen of Houston County, Alabama. Defendant Winn-Dixie Stores, Inc. is incorporated under the laws of the State of Florida, with its principal place of business in Duval

2

{B0803980}

County, Florida. The accident made the basis of this lawsuit occurred in Houston County, Alabama. Accordingly, complete diversity exists between the parties.

### The amount of controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars.

7. Plaintiff has made a claim for compensatory and punitive damages for the alleged negligence and wantonness of Winn-Dixie. Plaintiff's Complaint seeks an unspecified amount for these damages, claiming "such sums as the evidence may show and the jury shall find." Although Plaintiff(s) make no specified demand, it is clear that the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs. *See e.g. Tapscott v. M.S. Dealer Serve Corp.*, 77 F.3rd 1353, 1359 (11th Cir. 1996)("when Plaintiff makes an unspecified claim for damages, removing party need only show by preponderance of the evidence that the amount in controversy exceeds the jurisdictional limits").

8. As evidence that the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, Winn-Dixie attaches an Application for Allowance of Administrative Expense and a settlement demand, wherein Plaintiff's counsel claims that Plaintiff's injuries warrant a recovery of $500,000. (Exhibit B). Furthermore, Plaintiff made a pre-suit settlement demand in that same amount. (Exhibit C).

### All Prerequisites for Removal Have Been Satisfied

9. As set forth above, this Notice of Removal has been filed within thirty (30) days of filing this Complaint, the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs, and complete diversity exists as to the parties.

3

{B0803980}

10. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. If any question arises as to the propriety of the removal of this action, the Defendant requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Winn-Dixie Stores, Inc., desiring to remove this case to the United States District Court for the Middle District of Alabama, being the district of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Houston County, Alabama, shall affect a removal of said suit to this Court.

*/s/ M. Warren Butler*

M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Starnes & Atchison LLP
RSA Battle House Tower, 34th Floor
P. O. Box 1548
Mobile, AL  36633-1548
Phone: (251) 405-5065
E-mail: wbutler@starneslaw.com
         sstevens@starneslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 5TH day of February, 2008, I filed the foregoing with the Clerk of the Court via U. S. Mail and served counsel of record as follows:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL  36302
Fax: 334-793-8280
Phone: 334-793-1555

_____
M. WARREN BUTLER
BUTLM3190

{B0803980}

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>38-CV-2008-900008.00<br>Date of Filing:<br>01/07/2008 | ELECTRONICALLY FILED<br>1/7/2008 10:28 AM<br>CV-2008-900008.00<br>CIRCUIT COURT OF<br>HOUSTON COUNTY, ALABAMA<br>CARLA H. WOODALL, CLERK |

A

## GENERAL INFORMATION

**IN THE CIRCUIT OF HOUSTON COUNTY, ALABAMA**
**ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT _____

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes  ☐ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** NOR067    1/7/2008 10:28:07 AM    /s JAKE NORTON

**MEDIATION REQUESTED:** ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
1/7/2008 10:28 AM
CV-2008-900008.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| ANNIE BELL LAMBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: CV-2008-_____ |
| ) | |
| WINN-DIXIE STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff in the above-styled cause, and makes the following Complaint:

1. On or about the 15th day of January, 2006, Plaintiff, while an invitee, was upon the premises of Defendant in Dothan, Houston County, Alabama, when Plaintiff fell and was injured.

2. Plaintiff's said fall was the proximate result of the Defendant's negligence/wantonness in that with knowledge that a cooler was leaking water onto the floor of its store, Defendant allowed the water to remain there without cleaning it up and without warning Plaintiff of the presence of the water or the danger that it posed.

3. As the proximate result of the Defendant's said negligence, the Plaintiff was caused to suffer medical expenses, lost wages, pain and suffering, mental anguish and/or emotional distress, and permanent disability.

4. Plaintiff claims punitive damages of the Defendant because of the Defendant's wanton conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory and punitive damages and such other damages as are appropriate under the law and such sums as evidence may show and the jury shall find, plus costs of this action.

Dated this the 7th day of January, 2008.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.


/s/ Jake A. Norton
**JAKE A. NORTON (NOR067)**
Attorney for Plaintiff
Post Office Box 927
Dothan, Alabama 36302
(334) 793-1555
(334) 793-8280 (facsimile)


### JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.


/s/ Jake A. Norton
OF COUNSEL


DEFENDANT TO BE SERVED AT:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL. 32301

WINN-DIXIE STORE # 422
Attention: Ronald Cosby
3850 West Main Street
Dothan, Al. 36301

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>38-CV-2008-900008.00 |
|---|---|---|

**IN THE CIVIL COURT OF HOUSTON, ALABAMA**
**ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL**

**NOTICE TO** WINN-DIXIE STORES, INC., C/O CORPORATION SERVICE C 1201 HAYS STREET, TALLAHASSEE FL, 32301

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAKE NORTON
WHOSE ADDRESS IS 163 WEST MAIN STREET, DOTHAN AL, 36302

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant
☑ Service by certified mail of this summons is initiated upon the written request of  ANNIE BELL LAMBERT
   pursuant to the Alabama Rules of the Civil Procedure

1/7/2008 10:28:51 AM          /s CARLA H. WOODALL
Date                          Clerk/Register                          By

☑ Certified mail is hereby requested     /s JAKE NORTON
                                         Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**
☐ Return receipt of certified mail received in this office on _____
☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____

_____                     _____
Date                        Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>38-CV-2008-900008.00 |
|---|---|---|

**IN THE CIVIL COURT OF HOUSTON, ALABAMA**
**ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL**

**NOTICE TO** WINN-DIXIE STORE # 422, ATTENTION: RONALD COSBY 3850 WEST MAIN STREET, DOTHAN AL, 36301

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAKE NORTON
WHOSE ADDRESS IS 163 WEST MAIN STREET, DOTHAN AL, 36302

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  ANNIE BELL LAMBERT
pursuant to the Alabama Rules of the Civil Procedure

1/7/2008 10:28:51 AM                /s CARLA H. WOODALL
Date                                Clerk/Register                                By

☑ Certified mail is hereby requested        /s JAKE NORTON
                                            Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____

Date                                Server's Signature



9

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors. | Case No.: 3-05-bk-3817 (JAF)<br><br>Chapter 11<br><br>Jointly Administered |

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
STATUS FOR POST-PETITION CLAIM AND REQUEST FOR NOTICE**
Annie B. Lambert

Comes Now Annie B. Lambert ("Applicant"), through the undersigned attorneys, and seeks administrative expense status for Applicant's claim against one or more of the Debtors pursuant to 11 U.S.C. § 503(b). Applicant requests the entry of an order allowing the administrative expense described below and directing the payment of such amount pursuant to Order Confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Confirmation Order") and the provisions of the Plan as confirmed. In support of this Application, Applicant states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

2.  Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about February 21, 2005 (the "Petition Date").

3.  After the Petition Date and on or about January 15, 2006 Applicant was injured when she slipped and fell at Winn-Dixie Store No. 0426 located in Dothan, Alabama as a proximate result of the negligence of the Winn-Dixie entity operating the

store in not keeping the floors reasonably safe or otherwise not maintaining the premises in a safe condition. Upon information and belief, the responsible Debtor is Winn-Dixie Montgomery, Inc. As a result of the injury, Applicant has suffered damages totaling at least $500,000.00, which damages Applicant can support through medical records and other proof. Applicant's damages may not be fully liquidated at this time.

### APPLICANT'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

4. Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expense status, and its attendant priority for payment, for the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b). It is well-established that personal injury claims arising from a post-petition tort committed by the debtor are entitled to administrative expense status. *See, Reading Co. v. Brown,* 391 U.S. 471, 485 (post-petition fire damages resulting from trustee's negligence were entitled to administrative expense status); *In re Piper Aircraft Corp.,* 169 B.R. 766 (Bankr. S.D. Fla 1994).

5. In this instance, Applicant's claim arose as a result of the business operations of one or more of the Debtors after the Petition Date but prior to the Confirmation Order. As such, Applicant's claim is entitled to administrative expense status under 11 U.S.C. § 503(b), and Applicant seeks the entry of an order awarding such status.

## REQUEST FOR FUTURE NOTICE

Applicant requests that all future pleadings and notices regarding or affecting Applicant's claim be served upon:

>The Cochran Firm
>163 West Main Street
>Dothan, AL 36303

WHEREFORE, based upon the foregoing, Applicant requests that the Court enter an order granting the relief requested herein and such other relief as it deems just and proper.

Respectfully Submitted,    WILCOX LAW FIRM

/s/ **Robert Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2006 I filed this **APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION CLAIM AND REQUEST FOR NOTICE** through the CM/ECF filing system, which will cause a copy to be served on James H. Post, Esq., Counsel for the Reorganized Debtors, Matthew Barr, Esq. and John MacDonald, Esq., Counsel for the Post-Effective Date Committee, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all other parties participating in the CM/ECF System, all served electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox

# Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.



163 West Main • Post Office Box 927 • Dothan, Alabama 36302
Telephone: (334) 793-1555 • Fax: (334) 793-8280
WWW.COCHRANFIRM.COM

November 19, 2007

Sedwick Claims Management Services
Kerry Ledbetter
P.O. Box 24787
Jacksonville, FL. 32241-4787

    Re:    **Your Insured:**    **Winn-Dixie #0426**
            **My Client:**    **Annie Lambert**
            **Claim Number:**    **A611200469-0001-01**
            **Date of Loss:**    **January 15, 2006**

Dear Ms. Ledbetter:

    As you are aware, I represent Annie Lambert for injuries she sustained while an invitee at your insured's grocery store, Winn-Dixie #0426. I am writing to provide you with information about the facts surrounding the claim for settlement purposes only. It is my hope that we can resolve this matter in an amicable fashion.

    On January 15, 2006, Ms. Lambert was doing her weekly grocery shopping in your insured's store. Ms. Lambert was in the seafood department when she slipped and fell on the wet floor. She later learned that the cooler housing the seafood had a leak and that leak was the cause of the water on the floor. It should be noted that there were no "Wet Floor" signs in the immediate vicinity of the wet floor and my client had no notice of the hazardous condition. However, your insured was well aware of the fact that their seafood cooler had been leaking for several days.

    Ms. Lambert was rushed via ambulance to the emergency room at Flowers Hospital where she was diagnosed as having cortical destruction along the inferior femoral neck. Dr. Bruce Hall performed a closed reduction, percutaneous screw fixation with Synthes 7.3 cancellous screws on Ms. Lambert that same day, placing three screws across her femoral neck fracture.

    Following her surgery, Ms. Lambert received medical care from Dale Medical Center Home Health. There it was determined that Ms. Lambert was homebound, unable to leave her house without the assistance of another person. Her pain was documented as being "all of the time." Ms. Lambert was left to rely on her daughter, who works full time and has children, to care for her. Ms. Lambert was discharged from Dale Medical Center Home Health Care on February 13, 2006.

Sedwick Claims Management Services
November 19, 2007
Page 2 of 4

On February 14, 2006 Ms. Lambert went to Therapy Plus where she was given an initial evaluation to determine what plan of care was best for her. Ms. Lambert endured a four-week course of physical therapy during which she was subjected to therapeutic exercises, progressive strengthening exercises, and progressive standing weight bearing activities. Her progress was slow as reported, and at the conclusion of the four weeks, Ms. Lambert's pain had not completely dissipated, and she continued to complain about her back pain.

Ms. Lambert had several follow up visits with Southern Bone & Joint. On her follow up visit dated August 16, 2006 Dr. Hall documented Ms. Lambert's pain as being "8 out of 10, aching, burning, and running all the way into her foot but localized primarily around the lateral aspect of the left hip." Dr. Hall set up an appointment for her to receive an epidural injection to help ease the pain and stated that if the epidural does not help that they would get a second opinion from their spine doctors as to whether they think this could represent some component of sciatica. Dr. Hall also stated that she could be a candidate for screw removal from the hip which is first in the list as opposed to doing hip arthroplasty.

Ms. Lambert went to Flowers Hospital on September 5, 2006 to have the lumbar nerve root injection done. A 22 gauge spinal needle was inserted into the region of the left L-5 nerve root and a combination of Celestone and Marcaine was injected. Ms. Lambert reported that she felt some relief of her symptoms after the injection.

On September 20, 2006 she went for a follow-up appointment with Dr. Hall to see if the lumbar epidural helped decrease her pain. Ms. Lambert reported that her pain continued to be "8 out of 10" she described the pain as throbbing, aching, and burning and stated that the pain keeps her up at night. Dr. Hall stated that he really felt that this was a S1 nerve root problem and referred her to Dr. Maddox for consideration of a nerve block and foraminal epidural at the L5-S1 area on the left side.

Ms. Lambert saw Dr. Maddox on September 22, 2006; he stated that he believed that her iliotibial band pain which ran from her lateral thigh to her knee was either irritation from the pins or bursitis type symptoms. He also noted that the pain that radiates into her left foot seemed to follow the S1 and L5 dermatomal patterns. Dr. Maddox prescribed an ischial cushion for Ms. Lambert that would allow her to seat in any type of seat without posterior thigh compression. If pain continues Dr. Maddox suggested that they repeat the foraminal epidural and include the L-4-5 level as well as the L-5-S-1 level.

On August 21, 2007 Ms. Lambert had an appointment with Dr. Maddox at Southern Bone & Joint. Dr. Maddox examined Ms. Lambert and stated that he did not see any evidence of avascular necrosis or nonunion, but that there was some tenderness over the trochanteric area that he felt like was probably bursitis. During this visit Ms. Lambert also saw Dr. Werner for her

Sedwick Claims Management Services
November 19, 2007
Page 3 of 4

midfoot pain and Dr. Werner noted that she had significant degenerative changes in the midfoot with loss of her longitudinal arch. This is attributed to the modified gate that Ms. Lambert had to use, subsequent to her hip injury. Ms. Lambert was given a bursal shot and a prescription for Mobic. Dr. Werner also put Ms. Lambert into some custom-molded, semi-rigid orthotics and scheduled a follow-up in three weeks.

Ms. Lambert went for her follow-up visit with Dr. Werner on September 11, 2007. At this visit she stated that the pain in her left foot was better and that when she stands up she is not having any pain like she was with the poststatic dyskinesia. Dr. Werner told Ms. Lambert to continue wearing the orthotics and that he would see her back as needed.

Below is a list of medical expenses Annie Lambert has incurred to date. These totals are not represented to be the full and comprehensive list of damages but represent a significant portion of medical specials only.

| I. | **Medical Treatment** | | $42,405.56 |
|---|---|---|---|
| | A. | Flowers Hospital | $29,898.75 |
| | B. | Dale Medical Center Home Health | $ 2,586.04 |
| | C. | Therapy Plus | $ 2,545.45 |
| | D. | Southern Bone & Joint | $ 5,496.32 |
| | E. | Radiology Associates of Dothan | $ 1,879.00 |
| II. | **Pain and Suffering** | | $500,000.00 |

Future medical treatment and follow up care for Annie Lambert is certain to occur. The pain and suffering associated with her condition will be constant and permanent.

In regard to the damages and specials as set forth, I have been authorized to compromise and settle Annie Lambert's personal injury claim for $500,000.00.

I have now made a full disclosure of my client's case and you have been provided with sufficient information for a full evaluation and conclusion of this claim. I am requesting a written reply to this offer of settlement within 30 days from the date of this letter.

I look forward to hearing from you soon. If you have any questions, please feel free to call.

Sedwick Claims Management Services
November 19, 2007
Page 3 of 4

Sincerely,

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

Jake A. Norton

JAN/hs
CC: Annie Bell Lambert
Enclosures

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003760
Cashier ID: khaynes
Transaction Date: 02/06/2008
Payer Name: STARNES AND ATCHISON
------------------------------------
CIVIL FILING FEE
 For: STARNES AND ATCHISON
 Case/Party: D-ALM-1-08-CV-000080-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 159990
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

1:08-cv-00080-SRW

Lambert v. Winn-Dixie Stores, Inc.
```