IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNIE BELL LAMBERT, | * | |
| Plaintiff, | * | |
| | | CASE NO. 1:08-cv-00080-SRW |
| v. | * | |
| WINN-DIXIE STORES, INC., | * | Formerly in the Circuit Court of Houston County, AL |
| Defendant. | * | Case No. 08-900008-L |

REPORT OF PARTIES' PLANNING MEETING

Pursuant to FED. R. CIV. P. 26(f), the parties conferred on March 10, 2008 in a meeting attended by:

Scott D. Stevens for Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie");

Jake Norton for Plaintiff Annie Lambert.

The parties do not request a conference with the court before entry of the scheduling order.

1. Plaintiff's brief narrative statement of the facts and the cause of action:

On or about January 15, 2006, Annie Bell Lambert was grocery shopping inside the Defendant's store, Winn Dixie store number 0426. As she was shopping, Ms. Lambert walked past a seafood cooler. Unknown to Ms. Lambert, the cooler was leaking a liquid onto the floor. Ms. Lambert stepped into the liquid, slipped and fell, causing severe injury. Ms. Lambert's injuries include, but are not limited to, a broken femur. Ms. Lambert was caused to suffer medical

{B0817019}

expenses, lost wages, pain and suffering, mental anguish and emotional distress, and permanent disability.

2.     Defendant's brief narrative statement of the facts and the cause of action:

Winn-Dixie contends that it was not negligent in maintaining its premises and that Plaintiff negligently contributed to her own injuries and assumed the risk of the same by failing to observe or pay heed to an open and obvious condition and/or warnings of the same. Further, Plaintiff's claimed injuries and/or damages were not proximately caused by any acts or omissions of Winn-Dixie.

3.     This jury action should be ready for trial by January 12, 2009 and at this time is expected to take approximately three days.

4.     The parties request a pretrial conference during the week of January 5, 2009.

5.     Discovery Plan. The parties jointly propose to the court the following discovery plan:

>Discovery will be needed on the following subjects:
>
>1.     Whether there was a slippery substance on the floor and, if so, whether any adequate warning existed at the time;
>
>2.     Whether any alleged dangerous condition causing Plaintiff's fall was open and obvious;
>
>3.     Whether Winn-Dixie had actual or constructive knowledge of any substance on the floor where Plaintiff fell;
>
>4.     Whether Winn-Dixie was delinquent in not discovering or removing any substance on the floor where Plaintiff fell.
>
>5.     Damages/Injuries claimed by Plaintiff;
>
>6.     Whether Plaintiff's alleged damages/injuries were proximately caused by the alleged fall at Winn-Dixie.

{B0817019}

Fact discovery to be completed by August 4, 2008,

Expert discovery to be completed by October 15, 2008.

6. Initial Disclosures. The parties will exchange by March 24, 2008 (14 days after the initial meeting) the information required by FED. R. CIV. P. 26(a)(1).

7. The parties request until April 15, 2008 to join additional parties and amend the pleadings.

8. Report from retained experts under Rule 26(a)(2) due:

from Plaintiff by August 31, 2008,

from Defendants by October 15, 2008.

9. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by December 15, 2008. Motions in Limine to be filed by December 29, 2008.

10. Discovery Limits.

Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 10 depositions by Plaintiff and 10 by Defendant. Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 50 requests for production of documents by each party to any other party. Responses due 30 days after service.

11. All potentially dispositive motions filed by December 15, 2008.

12. Settlement is unlikely at this time.

Date: 3/11/08

s/M. WARREN BUTLER
M. WARREN BUTLER

{B0817019}

BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Starnes & Atchison LLP
RSA Battle House Tower, 34th Floor
P. O. Box 1548
Mobile, AL  36633-1548
Phone: (251) 405-5065
E-mail: wbutler@starneslaw.com
  sstevens@starneslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the __11__ day of __March__, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL  36302
Fax: 334-793-8280
Phone: 334-793-1555

*s/M. WARREN BUTLER*
M. WARREN BUTLER
BUTLM3190

{B0817019}