IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANNIE BELL LAMBERT,** | * | |
| Plaintiff, | * | |
| | | CASE NO. 1:08-cv-00080-SRW |
| v. | * | |
| **WINN-DIXIE STORES, INC.,** | * | Formerly in the Circuit Court of Houston County, AL |
| Defendant. | * | Case No. 08-900008-L |

## BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Winn-Dixie Stores, Inc. ("Winn-Dixie"), a Defendant in the above-styled cause, and, pursuant to FED. R. CIV. P. 56, files this brief in support of its Motion for Summary Judgment and states as follows:

### I.     Narrative Statement of Undisputed Facts

This case arises out of an alleged "slip and fall" incident that occurred at a Winn-Dixie store in Dothan, Alabama on or about January 15, 2006. (Complaint, Exh. A to Doc. 1). Plaintiff alleges that while she was a customer at the store, she fell on a slick substance on the floor. (Id.). Plaintiff filed this action on or about January 7, 2008 in the Circuit Court of Houston County, Alabama, and Defendant subsequently removed the case to this Court. (Notice of Removal, Doc. 1).

Defendant Winn-Dixie Stores, Inc. does not own or operate the premises where Plaintiff fell; thus, it is not a proper party Defendant in this case. (See Affidavit of Robert Faison, attached as Exhibit "A"). Instead, this store is owned and operated by Winn-Dixie Montgomery, Inc. (Id.). Thus, Defendant Winn-Dixie Stores, Inc. is due to be dismissed.

## II. Legal Argument

### A. Plaintiff's claim is due to be dismissed because she has not named the proper entity that owned or operated the grocery store in which she allegedly fell.

"In order to properly sue an intended defendant, the plaintiff is required to properly name the defendant." Cofield v. McDonald's Corporation, et al., 514 So.2d 953, 954 (Ala. 1987); See also Brizendine v. Continental Casualty Co., 773 F. Supp. 313, 320 (N.D. Ala. 1991)(noting that Alabama law "not surpisingly" requires a defendant to be properly named); Smith v. West Facilities Corp., No. Civ. 05-0429WSC, 2006 WL 898134 at *3 (S.D. Ala. Apr. 5, 2006)(noting that improperly named defendant is entitled to "file a Rule 56 motion if the defect [is] not remedied"). In Cofield, a pro se Plaintiff had named "McDonald's Corporation" as the Defendant, when, in fact, "McDonald's CLP Corporation" and "McDonald's Restaurant of Bessemer, Alabama" were the proper entities. The Alabama Supreme Court upheld dismissal of the case for failure to properly name these parties, despite noting that Plaintiff probably intended to sue these entities. Id.

In the case, *sub judice*, Plaintiff was a customer at a Winn-Dixie store in Dothan, Alabama. This store was not owned or operated by Winn-Dixie Stores, Inc. (Exhibit A, Affidavit of Robert Faison). Instead, the store was owned and operated by Winn-Dixie Montgomery, Inc. (Id.). Thus, Plaintiff has named the wrong owner and operator of the store, and her Complaint against Winn-Dixie Stores, Inc. is due to be dismissed. See Cofield, 514 So.2d 953, 954 (Ala. 1987)(holding that "In order to properly sue an intended defendant, the plaintiff is required to properly name the defendant.").

WHEREFORE, the premises considered, Defendant Winn-Dixie Stores, Inc. respectfully requests that this Court dismiss this action with prejudice, and to make the same a final order pursuant to Rule 54(b).

{B0873266}

Respectfully Submitted,

*s/M. Warren Butler*
M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Starnes & Atchison LLP
RSA Battle House Tower, 34th Floor
P. O. Box 1548
Mobile, AL   36633-1548
Phone: (251) 405-5065
E-mail:  wbutler@starneslaw.com
            sstevens@starneslaw.com

{B0873266}

3

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via ALAFILE or by U. S. MAIL, postage prepaid, this the __18__ day of __July__, 2008:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL  36302
Fax:  334-793-8280
Phone:  334-793-1555

                                        *s/M. Warren Butler*
                                        M. WARREN BUTLER
                                        BUTLM3190

{B0873266}

DEFENDANT'S EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNIE BELL LAMBERT, | * | |
| Plaintiff, | * | |
| | | CASE NO. 1:08-cv-00080-SRW |
| v. | * | |
| WINN-DIXIE STORES, INC., | * | Formerly in the Circuit Court of Houston County, AL |
| Defendant. | * | Case No. 08-900008-L |

### AFFIDAVIT OF ROBERT FAISON

Personally appeared before me, the undersigned, who being by me first duly sworn, deposes and says as follows:

1. My name is Robert Faison and I am general counsel for Winn-Dixie Stores, Inc. I am over the age of nineteen and I have personal knowledge of the facts contained in this affidavit. I am competent to testify in court if called to do so.

2. Winn-Dixie Stores, Inc. does not own or operate Winn-Dixie store #426 located at 1571 Westgate Parkway in Dothan, Alabama, where Plaintiff allegedly fell, and is not in any way responsible for the cleaning or maintenance of the floors. Instead, this store is owned and operated by Winn-Dixie Montgomery, Inc.

Further affiant saith not.

*/s/ Robert Faison*
ROBERT FAISON

Dated this the __14th__ day of July, 2008.

{B0855668}

STATE OF Florida          )
COUNTY OF Duval           )


Robert Faison, being first duly sworn, deposes and says that he has read the foregoing instrument and he knows the contents thereof; that the same is true to his knowledge and belief.

  Sworn to and subscribed before me this the 14th day of July, 2008.



          Lauretta Patterson
          NOTARY PUBLIC

          My Commission Expires:

          2010

{B0855668}