**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANNIE BELL LAMBERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 1:08-cv-80-MEF** |
| | ) | |
| **WINN-DIXIE STORES, INC.,** | ) | **Formerly in the Circuit Court of** |
| | ) | **Houston County, AL.** |
| **Defendant.** | ) | **Case No. 08-900008-L** |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant is the owner and/or operator of the store in which Plaintiff was injured, was properly served with Plaintiff's Complaint and therefore should not be awarded a Rule 56 Summary Judgment based on Plaintiff's misdescribing the Defendant.

## I.    STATEMENT OF UNDISPUTED FACTS

1.  On or about the January 15, 2006, Plaintiff was injured while shopping at a Winn-Dixie store located at 1571 Westgate Parkway, Dothan, Alabama. (Complaint, Exh. A to Doc 1).

2.  Plaintiff was contacted by Melanie Alm, an adjustor with the Winn Dixie Claims Service Center, on January 20, 2006. (See recorded statement transcript, pg.1 lines 1 and 2, attached as Exhibit "A"[1]).

3.  Plaintiff, through her legal counsel, conducted negotiations with Defendant's agent. (See letter, attached as Exhibit "B").

---

[1] This document was sent to Plaintiff as part of Defendant's Response to Plaintiff's Request for Production.

4. On January 7, 2008, a Complaint was filed by the Plaintiff in the Circuit Court of Houston County, Alabama. (Complaint, Exh. A to Doc 1).

5. The Complaint was served upon Defendant's registered agent, Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida (See Affidavit of Jake A. Norton and attachments 1, 2 and 3 attached as Exhibit "C").

6. The Defendant subsequently removed the case to this Court. (Notice of Removal, Doc. 1).

7. Said Complaint referred to the place of the accident as being "upon the premises of Defendant." (Complaint paragraph 1, Exh. A to Doc 1).

8. On February 4, 2008, Defendant served its Answer upon Plaintiff and therein stated, "Defendant admits the time and place of said accident…" (Answer, paragraph 1, Doc. 2).

9. In its Rule 26(a)(1) Initial Disclosures, Defendant, Winn-Dixie Stores, Inc., refers to itself as "Winn-Dixie" and identifies the manager on duty at the time of the accident as follows: "Mr. Adams is a Winn-Dixie manager and was the manager on duty for Winn-Dixie at the time of the Plaintiff's alleged accident."(See Defendant's Initial Disclosures paragraph A, attached as Exhibit "D").

10. On May 29, 2008, Defendant served upon Plaintiff Defendant's Supplemental Initial Disclosures. Once again, Defendant referred to itself as "Winn-Dixie" and an individual named James Boswell as follows: "Mr. Boswell was a Winn-Dixie employee and has knowledge with regard to the condition of the area in which Plaintiff fell at the time of the accident." (See Defendant's Supplemental Initial Disclosures paragraph A, attached as Exhibit "E").

11. On June 3, 2008, Defendant's counsel deposed Plaintiff and Plaintiff's counsel deposed Winn-Dixie store manager, Chris Adams. (See Notice of Deposition, attached as Exhibit "F" and Notice to Take Deposition attached as Exhibit "G").

12. On June 18, 2008, Plaintiff served upon Defendant Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's Requests for Admission, and Plaintiff's Requests for Production. (See Certificate of Service, Exhibit "H").

13. On July 18, 2008, Defendant filed Defendant's Motion for Summary Judgment. (Motion, Doc. 7).

## II. STANDARD OF REVIEW

The standard of review applicable to a summary judgment motion was well stated by Judge Sherrill in the recent case of *Anderson v. Tyus*, 2007 WL 2884367 (N.D. Fla.). With the Court's kind indulgence, Plaintiffs will draw liberally from that decision:

> On a motion for summary judgment Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). If they do so, then the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id.* An issue of fact is "material" if it could affect the outcome of the case. *Hickson Corp. v. Northern Crossarm Co., Inc.,* 357 F.3d 1256, 1259 (11th Cir.2004)(citations omitted). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Electric Industrial Co., LTD v. Zenith Radio Corporation,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence is insufficient. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Hickson Corp.,* 357 F.3d at 1260, *quoting Anderson v Liberty Lobby*, 477 U.S.

> 242, 252, 106 S.Ct. 2505, 2505, 91 L.Ed.2d 202 (1986).[2]
> **All reasonable inferences must be resolved in the light most favorable to the nonmoving party.** *Watkins v. Ford Motor Co.,* 190 F.3d 1213, 1216 (11th Cir. 1999).
>
> "Rule 56(e) … requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126, 118 S.Ct. 1074, 140 L.Ed. 133 91998), *quoting Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed. R.Civ.P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). *Owen v. Wille*, 117 F. 3d at 1236; *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

*Anderson* at 1, 2 (emphasis added).

As noted above, the role of the trial judge at the summary judgment stage is to determine if there are genuine issues of material fact that warrant placing the case before a jury. It is not the Court's role to act as the finder of fact, a province left to the jury should the Court determine there are issues to be tried.

### III.    LEGAL ARGUMENT

### A.    Plaintiff has been litigating her claim against the proper entity that owned and/or operated the grocery store in which she fell.

Plaintiff filed her Complaint in state court. After removing the case to federal court, Defendant answered Plaintiff's Complaint. In Defendant's Answer, Defendant admitted to ownership of the subject store. In her Complaint, Plaintiff states in paragraph 1, "On or about the 15th day of January, 2006, Plaintiff, while an invitee, was *upon the*

---

[2] The "double" reference to page 2505 of S.Ct. 106 appears in the version of *Anderson v. Tyus* distributed by Westlaw. This is apparently a typographical error as a review of *Anderson v. Liberty Lobby* indicates the subject language actually appears at page 2512.

*premises of Defendant* in Dothan, Houston County, Alabama, when Plaintiff fell and was

injured." (emphasis added)(Complaint paragraph 1, Exh. A to Doc. 1).

Defendant responds to this allegation in its Answer, "Defendant admits the time

and *place* of said accident, but denies the remaining allegations of the paragraph and

demands strict proof thereof. (emphasis added)(Answer, paragraph 1, Doc. 2). The only

*place* referred to in the relevant paragraph of her Complaint is *the premises of Defendant.*

Defendant has acknowledged itself to be the owner and/or operator of the subject

store since the onset of this case. It was not until the Defendant was served with

Plaintiff's Request for Admissions that it made issue of the defendant's name listed on

Plaintiff's Complaint. Plaintiff's Complaint, at worst, misdescribes Defendant and

Plaintiff seeks to remedy this through her Motion for Leave of Court to Amend

Complaint filed contemporaneously with her this motion and brief.

> **B.    Under the law established in Ex parte CTF Hotel Management Corporation, misdescribing a defendant by the trade name is not grounds for a Summary Judgment.**

In *Ex Parte CTF Hotel Management Corporation*, 719 So.2d 205, (Ala. 1998) the

plaintiff sued a hotel and hotel manager for various torts. The subject hotel was owned by

one corporate entity, Riverview Plaza Associates, Inc. and operated by a separate

corporate entity, Stouffer Hotel Management Corporation. The hotel operated under the

name Stouffer Riverview Plaza Hotel. The plaintiff served his complaint upon an

employee of Stouffer Hotel Management Corporation. After neither hotel owner nor

operator responded to the plaintiff's complaint, the plaintiff received a judgment against

Stouffer Riverview Plaza Hotel.

The plaintiff later discovered that Stouffer Riverview Plaza Hotel was not the name of the intended defendant and sought to have his judgment amended to reflect the proper name of the defendant.

The Court held that a "judgment entered against a trade name is a judgment against the individual doing business under that trade name, at least so long as the individual was personally served with the complaint. *Id* at 208.

In the present case, Plaintiff has filed her Complaint, describing the defendant as Winn-Dixie Stores, Inc., although it appears that Winn-Dixie Montgomery, Inc. is the correct name of Defendant. Defendant was aware of the subject accident, aware of the subject claim and aware of the filing of Plaintiff's Complaint against Defendant. Plaintiff's Complaint was properly served upon the registered agent of Winn-Dixie Montgomery, Inc.

Defendant has held itself out to be the true owner/operator of the subject store and is only now trying to capitalize on the ambiguous corporate relation it shares with other entities sharing the Winn-Dixie trade name. Defendant never denied being properly served nor did it deny dominion over the subject store until its recent Motion for Summary Judgment. To the contrary, Defendant identifies the store manager at the time of the accident as being one of Defendant's employees. Further it identifies an associate with knowledge of the subject accident as one of its employees.

**C.      Defendant in fact owns/operates the subject store.**

In its Rule 26(a)(1) Initial Disclosures, Defendant refers to itself as "Winn-Dixie" and further states that the manager on duty at the time of Plaintiff's accident was Chris Adams, "a Winn-Dixie manager." (Defendant's Initial Disclosures paragraph A, attached

6

as Exhibit "D"). If Chris Adams was the Winn-Dixie manager on duty at the time of Plaintiff's accident and Winn-Dixie is the name Defendant is known by, then the named Defendant was operating the store at the time of Plaintiff's accident. Further, Defendant continued to refer to itself as "Winn-Dixie" in its Supplemental Disclosures and referred to an individual named James Boswell as follows: "Mr. Boswell was a Winn-Dixie employee and has knowledge with regard to the condition of the area in which Plaintiff fell at the time of the accident." (Defendant's Supplemental Initial Disclosures paragraph A, attached as Exhibit "E"). By these actions, Defendant has identified itself as the entity that employed the manager and an employee of the subject store and therefore operates the subject store.

       **D.**     **Plaintiff's Complaint was properly served upon Defendant.**

Rule 4(c)(6) of the Alabama Rules of Civil Procedure allow for serving a corporate defendant by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process. Plaintiff's Complaint was served upon the Defendant with the Defendant's registered agent via certified mail as evidenced by the attached Notice of Service. In its Answer, Defendant never raised the defenses insufficient process or insufficient service of process and therefore waived these defenses. (Answer, Doc. 2).

       **E.**     **Winn-Dixie Stores, Inc is the name given for the operator of the store located at 1571 Westgate Parkway, Dothan, Alabama, on the Winn-Dixie website.**

On its website, http://www.Winn-Dixie.com/about_us/list.asp , Winn-Dixie provides a list of "stores currently operated by Winn-Dixie" directly below the name Winn-Dixie Stores, Inc. Among those stores listed is the Winn-Dixie store located at

1571 Westgate Parkway, Dothan, Alabama, the subject store of this claim. (See 2nd Affidavit of Jake A. Norton and attachments 1 and 2, attached as Exhibit "I"). Once again, Winn-Dixie Montgomery, Inc. is hiding behind a false corporate façade in an attempt to create confusion as to the name of the owner/operator of the subject store. Defendant should not be allowed to rely on these misrepresentations and Plaintiff should be allowed to amend her Complaint to properly describe Defendant.

**F.**    **Neither the Cofield case nor the West Facilities case involve a situation were the proper defendant was served, but just incorrectly designated on the Complaint.**

In Defendant's Brief in Support of Defendant's Motion For Summary Judgment, Defendant relies on *Cofield v. McDonald's Corporation, et al.*, 514 So.2d 953 (Ala. 1987). The present case is distinguishable from *Cofield* in that in *Cofield*, the named defendant was dismissed by the plaintiff from his Complaint. The plaintiff in *Cofield* intended to pursue his claim against the defendants named in the body of his Complaint but left out from the title of the action.

In this case, Plaintiff's Complaint contains a misdescribed defendant in which Defendant has been described as "Winn Dixie Stores, Inc." instead of "Winn Dixie Montgomery, Inc." The facts of *Cofield* have little to do with the facts of this case. The correct defendant was served with Plaintiff's Complaint. Defendant has acknowledged that it does in fact own the store made the subject of this action and/or was operating the subject store at the time of the subject incident.

Defendant further relies on this Courts ruling in *Smith v. West Facilities Corp.*, No. Civ. 05-0429WSC, 2006 WL 898134 (S.D. Ala. Apr. 5, 2006) to support its Motion for Summary Judgment. *Smith* is distinguishable from the present case in that in *Smith*

the plaintiff sued the wrong defendant as evidenced by the defendant's answer which included in the defense, "The Amended Complaint fails to state a claim against West Facilities Corporation because plaintiff was never employed by West Facilities Corporation and that corporation is therefore not the proper defendant in this lawsuit." *Id* at 1. The Defendant vehemently denied ever employing the plaintiff and filed numerous pleadings protesting the same. *Id*. This Court went to great lengths in describing the many times the defendant placed the plaintiff on notice that the plaintiff was suing the wrong entity.

In the present case, the correct defendant has been advised of Plaintiff's claim, has been properly served with Plaintiff's Complaint and has waived any defenses that may preclude Plaintiff's claim. To this date, the Winn-Dixie conglomeration continues to describe the owner/operator of the subject store as Winn-Dixie Stores, Inc. as evidenced by their corporate website. The Defendant has merely been misdescribed and is now trying to capitalize on the ambiguous corporate relation it has with other Winn-Dixie entities.

## **CONCLUSION**

Defendant has represented itself as Winn-Dixie Stores, Inc., has been properly served in this matter, has waived insufficient process and insufficient service of process and has litigated this claim from the claim's conception. Plaintiff has pointed out that misdescribing a defendant is not grounds for Summary Judgment and Plaintiff has filed her Motion for Leave to Amend Complaint contemporaneously with this motion and brief. Plaintiff has presented sufficient evidence to lead a jury to believe that Defendant is the owner/operator of the subject store and Defendant has merely been misdescribed in

Plaintiff's Complaint. Taking all reasonable inferences in the light most favorable to Plaintiff, a jury could determine that Defendant has only been misdescribed and is relying on corporate ambiguity and similarity of names with other Winn-Dixie entities.

WHEREFORE, the premises considered, Plaintiff respectfully asks this Honorable Court to render a decision DENYING the Summary Judgment Motion filed by Defendant.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

*/s/ Jake A. Norton*
Jake A. Norton, Esq. (NOR067)
ASB 4172-J72N
163 west Main Street
Dothan, AL. 36301

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this 4th day of August, 2008, served a copy of the foregoing upon counsel of record by filing the same with the Clerk of Court via CM/ECF or by U.S. MAIL, postage prepaid:

M. Warren Butler
Scott D. Stevens
Starnes & Atchison, LLP
P.O. Box 1548
Mobile, Al. 36633

/s/ Jake A. Norton
Of Counsel

Page 1 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

EXHIBIT
A

This is Melanie Alm with the Winn-Dixie Claims Service Center.  Today's date is
January 20, 2006 and the time now is approximately 3:15 p.m. Eastern Time.

Q.   Do you understand that this is being recorded?
A.   Yes, I do.

Q.   And is that done with your permission?
A.   Yes.

Q.   Okay.  State your name for me please.
A.   Annie Lambert.

Q.   And your home address?
A.   My home address is 2806 Rockcreek Road, Rockcreek is one word, and that is in
     Dothan, D O T H A N, Alabama 36303.

Q.   36303?
A.   Yes.

Q.   Okay.  And are you married or single?
A.   I am divorced.

Q.   Your date of birth?
A.   ████

Q.   And your Social Security number?
A.   ███████, I think is right.

Q.   2046, okay.  Are you currently employed outside of the home?
A.   Yes, I am.  I work a 40-hour week for J.C. Penney in Dothan.

Q.   Okay, so you're missing work then, huh?
A.   Yes, I am.

Q.   So we're talking about an accident that occurred this past Sunday, that would
     have been January 15, 2006, correct?
A.   That's exactly right.

Q.   Okay.  Do you remember about what time of day this happened?
A.   Somewhere around 1:00 or 1:30, I'm not exactly...  I can't be exact, but
     somewhere in that time frame.

Page 2 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

Q.    In the afternoon, 1:00 to 1:30 in the afternoon?
A.    Yes.

Q.    Okay. And where abouts in the store did this happen?
A.    Okay, I was in front of the seafood department where the freezers are, the
      seafood, the fresh seafood, such as salmon, catfish, that type thing.

Q.    Okay.
A.    I was pushing my buggy along in front, and I happen to see the red salmon and I
      thought I was interested in that. I stopped my buggy, and as I said I turned and
      with my left foot, I stepped upon the dark tile in front of the seafood freezer. And
      when I stepped upon that dark tile, my foot had shot out from under me and I
      landed on my left leg. All my weight went right on the, uh, that side of my leg
      from right about where the hip... the leg joins onto the hip all the way down to
      my knee. All of my weight went on that part of my leg. I could not move. I had
      to sit there for I don't know how long, several minutes. The store manager or the
      assistant store manager, I don't know if he told me he was the store manager or
      the assistant store manager, and I can't recall his name, even though I've got it
      wrote down here somewhere. But anyway, he saw the accident, he saw me fall,
      and he came up to me and asked if he could help, and I, uh, told him that I cold
      not move and he would just have to leave me be 'til I could see if, you know, I
      could get up or whatever. In the meantime, he offered to call 911. And he was
      very nice, very considerate. But in the meantime, another person that worked
      there in the store, another guy, came up and he stressed o him, asked him to go
      and get a chair and they were going to see if they could help me up. So the guy
      went away and got a chair and came back, and eventually they were ale to help
      me to my... to get to my... to the chair. However, I wasn't able to bear any
      weight or anything on the leg. I just mainly got up on my right side. And, of
      course, they helped me to sit. And he offered his cell phone and I called my
      sister, which was approximately 5 minutes away. And she and her husband came
      out and got me and they put me on a wheelchair and held me... I mean to help me
      to my car. And so they helped me into my car and she drove me to the _____
      Hospital to the emergency room. And in there I was in the emergency room until
      somewhere between 6:30 and 7:00 they took me into surgery.

Q.    Okay, and (inaudible).
A.    Right, yes. And the doctor said he put in three screws, or I don't even know the
      terminology, all I know is that he used the word three screws or whatever they put
      in your leg.

Q.    Okay.
A.    I'm to go back to him Thursday. And I'll probably be a little bit more at myself
      and know what he did and did not say.

Page 3 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

Q.   Okay, I'm sure you weren't primarily concerned with that at that time.
A.   Well.

Q.   Going back to the store just real quickly.  Do you have any idea what it was that caused you to fall?
A.   I have no idea, except the floor was extremely slick like a... while I was sitting there, I remember just rubbing my hand across the floor and it felt just like... I don't know if it was greasy or what, but it was just as slick as glass, any glass I've ever felt of, you know, it was just so slick.  And the guy said to me while I was on the floor, I remember him saying, "Well, we had a sign up."  And I said the sign, as best I remember, was like against the freezer, which I mean no customer would have even...  I don't think anybody would have even seen the sign.  I certainly did not see it until he pointed it out to me.

Q.   Okay.  It was up against the freezer?
A.   Well, it was closer to the freezer than it was away from the freezer.  Now, the only thing that I can say about that – and I know everybody is different – I work in a store, so we do have accidents sometimes.  People, you know, fall or what have you.  But if it's anything like where we have to mop or anything of danger, they'll put out like three or four of those things and rope off the area.  We don't ever just stick something like that out.  And I mean that's the way we do it.  And I know everybody's different.  I'm not saying that's right or wrong.  But I did not see the sign.  Had it had been roped, I probably would have...  it would have caught my eye.

Q.   Okay.
A.   I did not notice it otherwise.

Q.   Okay.  Can you estimate for me, and I know you didn't see it at the time that you fell, but when he pointed it out to you, about how far away from the sign were you?
A.   It was not very...  how far away was I from the sign?

Q.   Right.
A.   Oh, Lord.  _____, about how far is it between me and you here, about a yard, two yards?  About a yard or so, about a yard I guess.

Q.   Okay.
A.   I really cannot be certain about that because I was not in a position to...

Page 5 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

Q.    Okay.  And have you ever been hurt while you were working?
A.    No, I've never had an accident.

Q.    Okay.  Obviously you hip and your leg is bothering you at this point.  Is there
        anything else that you notice being sore?
A.    Well, I don't know if... they took x-rays of my leg and my shoulder, and I'm
        having some pain in my shoulder.  Now, he did not tell me I had a fracture or
        anything, but when I go back to him Thursday, I'm going to let him double-check
        that, because I am having some discomfort in my left shoulder.  I don't know if I
        struck something as I was coming down.

Q.    Okay.
A.    Because like I said, I landed on that leg, but I could have hit the freezer as I was
        coming down, but I don't remember doing that.  It could have been _____ that I...
        in the way I fell, I don't know.  But I'm having discomfort in my left shoulder.

Q.    Okay.  Have you ever had any prior problems with either your shoulder or that leg
        or hip?
A.    No.

Q.    Okay.  Can you think of anything else I should know about at this point?
A.    Well, I don't know.  I just told you what has happened.

Q.    Okay.
A.    I mean I'm not being rude or anything, I just don't know of anything else to tell
        you.

Q.    No, I think we've covered everything.
A.    I told you the condition that I'm in.  And then I won't know about what is going
        to... the future will hold until I go back to the doctor, what he is going to say, you
        know.

Q.    Right.
A.    But I'm just doing everything that they're... he's suggesting that I do, and hope to
        God I can be back to where I was at one of these days.

Q.    Okay, if it's all right with you then, I'll go ahead and turn off the tape, okay?
A.    That's fine.

Q.    You do understand this was recorded, correct?
A.    Yes, I do.

Page 6 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

Q.      And that was done with your permission?
A.      Right.

Q.      Okay.

(ilp)




**Sedgwick**

Sedgwick Claims Management Services, Inc.
P. O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904-419-5300  Facsimile 904-419-5365

October 20, 2006

Jake A. Norton, Esq.
The Cochran Firm
P.O. Box 927 163 West Main St.
Dothan, AL  36302

RE:       Claimant: Annie Lambert
          Claim #:  A611200469-0001-01
          Date of Accident: 01/15/2006
          Division: Retail Grocery Store-Montgomery Division
          Location: Winn-Dixie #0426
                    1571 Westgate Parkway  Dothan, AL

Dear Jake A. Norton, Esq.:

This file has been transferred to me for further handling. I note you advised the prior adjuster in August that you were preparing a demand and would have it to her shortly. I have not received the demand.

Please forward the demand to include any liens or write offs. Additionally I will need the past five years medical records to complete my evaluation.

Sincerely,

Gloria Davis
Claims Examiner III

Larri

Kerry  Ledbetter    ext 5368

EXHIBIT

C

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ANNIE BELL LAMBERT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CASE NO. 1:08-cv-80-MEF** |
| | ) |
| WINN-DIXIE STORES, INC., | ) **Formerly in the Circuit Court of** |
| | ) **Houston County, AL.** |
| **Defendant.** | ) **Case No. 08-900008-L** |

### AFFIDAVIT OF JAKE A. NORTON

Personally appeared before me, the undersigned, who being by me duly sworn, deposes and says as follows:

1.  My name is Jake A. Norton and I am counsel for the plaintiff in the above styled action. I am over the age of nineteen and I have personal knowledge of the facts contained in this affidavit. I am competent to testify in court if called to do so.

2.  On January 4, 2008 I performed a search on the Florida Department of State Division of Corporations website and concluded that the Registered Agent Name & Address for Winn-Dixie Montgomery to be Corporation Service Company, 1201 Hays Street, Tallahassee FL 32301 US. As evidence of this I have attached a copy of pertinent part of the search printout to this affidavit and have identified it as attachment 1.

3.  On January 7, 2008 I electronically filed the plaintiff's Complaint with the Clerk of the Circuit Court of Houston County. As evidence of this I have attached

a copy of the Notice of Electronic Filing to this affidavit and have identified it as

attachment 2.

4.       On January 25, 2008, I received notification from the Clerk of the Circuit

Court of Houston County indicating that Defendant's registered agent had

received service of the plaintiff's Complaint on January 10, 2008. As evidence of

this I have attached a copy of the Notice and Domestic Return Receipt forwarded

to me by the Clerk of the Circuit Court of Houston County, Carla Woodall, and

have identified it as attachment 3.

     Further affiant saith not.

                                         Jake A. Norton

Dated this the 4th day of August, 2008.


          STATE OF ALABAMA)
          COUNTY OF DALE     )

          Jake A. Norton, being first duly sworn, deposes and says that he
has read the foregoing instrument and he knows the contents thereof; that
the same is true to his knowledge and belief.

          Sworn to and subscribed before me this the 4th day of August,
2008.

                                         Haley Sterling
                    NOTARY PUBLIC

                    My Commission Expires
                    April 18, 2012

FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS

EXHIBIT
Attachment 1

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List     Next on List     Return To List

Events          Name History                                    Entity Name Search

# Detail by Entity Name

## Florida Profit Corporation

WINN-DIXIE MONTGOMERY, INC.

## Filing Information

| | |
|---|---|
| Document Number | 330286 |
| FEI Number | 591212119 |
| Date Filed | 05/20/1968 |
| State | FL |
| Status | ACTIVE |
| Last Event | AMENDED AND RESTATED ARTICLES |
| Event Date Filed | 11/21/2006 |
| Event Effective Date | NONE |

## Principal Address

5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 US

Changed 11/21/2006

## Mailing Address

5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 US

Changed 11/21/2006

## Registered Agent Name & Address

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301 US

Name Changed: 06/15/2000

Address Changed: 06/15/2000

## Officer/Director Detail

**Name & Address**

Title P

ECKSTEIN, F O
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 US

Title VP

*[handwritten notes:]* Winn-Dixie Stores, Inc.
Store #13
3850 W. Main Street
Dothan, AL 36305
793-4518
422
Ronald ___ Casby



**AlaFile E-Notice**



38-CV-2008-900008.00

To:   JAKE NORTON
      jnorton@cochranfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

### ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL
### 38-CV-2008-900008.00

The following complaint was FILED on 1/7/2008 10:28:51 AM

Notice Date:      1/7/2008 10:28:51 AM

                                        **CARLA H. WOODALL**
                                        **CIRCUIT COURT CLERK**
                                        **HOUSTON COUNTY, ALABAMA**
                                        **114 NORTH OATES STREET**
                                        **DOTHAN, AL 36302**

                                        334-671-8730

**Haley Starling**

| | |
|---|---|
| **From:** | AlaFile E-Notice [enotices@alafile.com] |
| **Sent:** | Monday, January 07, 2008 11:53 AM |
| **To:** | Jake Norton |
| **Cc:** | Haley Starling |
| **Subject:** | Notice of Complaint Filing - 38-CV-2008-900008.00 |

**Attachments:**       Filing.pdf



Filing.pdf (225 KB)

```
        38-CV-2008-900008.00
ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL

FILED ON 1/7/2008 10:28:51 AM
```

1

ELECTRONICALLY FILED
1/7/2008 10:28 AM
CV-2008-900008.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>**38-CV-200**<br>Date of Filing:<br>01/07/2008 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF HOUSTON COUNTY, ALABAMA
### ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawful Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT    _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   NOR067   |   1/7/2008 10:28:07 AM   |   /s JAKE NORTON

**MEDIATION REQUESTED:**   ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
1/7/2008 10:28 AM
CV-2008-900008.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

ANNIE BELL LAMBERT,       )
                                  )
       Plaintiff,         )
                                  )
vs.                         )   CIVIL ACTION NO.: CV-2008-_____
                                  )
WINN-DIXIE STORES, INC.,   )
                                  )
       Defendant.     )

### COMPLAINT

COMES NOW the Plaintiff in the above-styled cause, and makes the following Complaint:

1.     On or about the 15th day of January, 2006, Plaintiff, while an invitee, was upon the premises of Defendant in Dothan, Houston County, Alabama, when Plaintiff fell and was injured.

2.     Plaintiff's said fall was the proximate result of the Defendant's negligence/wantonness in that with knowledge that a cooler was leaking water onto the floor of its store, Defendant allowed the water to remain there without cleaning it up and without warning Plaintiff of the presence of the water or the danger that it posed.

3.     As the proximate result of the Defendant's said negligence, the Plaintiff was caused to suffer medical expenses, lost wages, pain and suffering, mental anguish and/or emotional distress, and permanent disability.

4.     Plaintiff claims punitive damages of the Defendant because of the Defendant's wanton conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory and punitive damages and such other damages as are appropriate under the law and such sums as evidence may show and the jury shall find, plus costs of this action.

Dated this the 7th day of January, 2008.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**


*/s/ Jake A. Norton*
**JAKE A. NORTON  (NOR067)**
Attorney for Plaintiff
Post Office Box 927
Dothan, Alabama  36302
(334) 793-1555
(334) 793-8280 (facsimile)


## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.


*/s/ Jake A. Norton*
OF COUNSEL


DEFENDANT TO BE SERVED AT:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL. 32301

WINN-DIXIE STORE # 422
Attention: Ronald Cosby
3850 West Main Street
Dothan, Al. 36301

EXHIBIT
Attachment 3

AVS309

ALABAMA JUDICIAL DATA CENTER
HOUSTON          COUNTY

TRANSMITTAL

CV 2008 900008.00
C. LAWSON LITTLE

--------------------------------------------------------------------

IN THE CIRCUIT  COURT OF HOUSTON          COUNTY

ANNIE BELL LAMBERT V. WINN-DIXIE STORES, INC. ET AL


TO: NORTON JAKE AUSUSTO                      ATTORNEY FORC001: LAMBERT AN
    163 W MAIN STREET

    DOTHAN  AL  36302



--------------------------------------------------------------------





        NOTICE DATE: 01/25/2008        CLERK:CARLA WOODALL
                                             114 NORTH OATES STREET
                                             DOTHAN  AL  36302
                                             (334)677-4859

--------------------------------------------------------------------
OPERATOR: SAR
PREPARED: 01/25/2008



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.3 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

JAN 14 2008

Carla L. Woodall, Clerk
Houston County, AL

Sent To _Winn-Dixie Stores, Inc._
Street, Apt. No.; _% Corporation Serving C_
or PO Box No. _1201 Hayes Street_
City, State, ZIP+4 _Tallahassee, FL. 32301_

PS Form 3800, August 2006        See Reverse for Instructions

7007 1490 0001 9835 0633

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Winn-Dixie Stores, Inc_
_% Corporation Serving C_
_1201 Hayes Street_
_Tallahassee, FL. 32301_
_CV-08-900082_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
Kim Glover    1-14-08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JAN 22 2009

Carla L. Woodall, Clerk
Houston County, AL

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7007 1490 0001 9835 0633

PS Form 3811, February 2004    S+C    Domestic Return Receipt    102595-02-M-1540

SCANNED



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
FILED

| | |
|---|---|
| Postage | $ |
| Certified Fee | Q.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here  USPS  DOTHAN JAN 10

Social Security Clerk
Houston County, AL

Sent To  Winn Dixie Store # 422
Street, Apt. No.; atta: Ronald Cosby
or PO Box No.  3850 W. main street
City, State, ZIP+4  Dothan, Alabama 36301

PS Form 3800, August 2006                    See Reverse for Instructions

7007 1490 0001 9835 0640

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Winn-Dixie Store # 422
atta: Ronald Cosby
3850 W. Main street
Dothan, Alabama 36301
CV-08-900008 L

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Ronald Cosby                      1-11-08

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No
   3850 Westmain A 500
   JAN 14 2008

3. Service Type   Carla Woodall Clerk
   ☐ Certified Mail  Houston County Alabama
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7007 1490 0001 9835 0640

PS Form 3811, February 2004  s+c   Domestic Return Receipt          102595-02-M-1540

SCANNED

EXHIBIT

D

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNIE BELL LAMBERT, | * | |
| Plaintiff, | * | |
| | | CASE NO. 1:08-cv-00080-SRW |
| v. | * | |
| WINN-DIXIE STORES, INC., | * | Formerly in the Circuit Court of |
| | | Houston County, AL |
| Defendant. | * | Case No. 08-900008-L |

### DEFENDANT'S INITIAL DISCLOSURES

Comes now the Defendant, Winn-Dixie Stores, Inc. ("Winn-Dixie"), by and through undersigned counsel, and makes the following disclosures required by Federal Rules of Civil Procedure 26(a)(1), based on the information now reasonably available.

**A.     Individuals likely to have Discoverable Information which Winn-Dixie may use to Support its Claims or Defenses.**

1.     Chris Adams
       1441 Fox Run Parkway
       Opelika, Alabama 36801
       (334) 741-4140

Mr. Adams is a Winn-Dixie manager and was the manager on duty for Winn-Dixie at the time of the Plaintiff's alleged accident. Mr. Adams has knowledge with regard to the condition of the area in which Plaintiff fell at the time of the accident. Mr. Adams should only be contacted through the undersigned counsel for Winn-Dixie.

**B.     Documents in the Possession, Custody or Control of Winn-Dixie that may be used to Support its Defenses.**

To the extent not privileged or otherwise protected from discovery, any documents responsive to this required disclosure will be made available for viewing and inspection at a time mutually convenient to the parties at the following address:

{B0823337}

Starnes & Atchison, LLP
RSA- Battle House Tower, 34th Floor
11 North Water Street
Mobile, AL 36602

At this time, Winn-Dixie has no documents that are required to be disclosed pursuant to Rule 26(a)(1).

### C.    Computation of Damages.

Upon information and belief, Plaintiff is not entitled to any damages or other relief from this Defendant.

### D.    Insurance Agreements.

Winn-Dixie is self-insured for this loss, and there is no applicable insurance agreement.

s/SCOTT D. STEVENS
M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Starnes & Atchison LLP
RSA Battle House Tower, 34th Floor
P. O. Box 1548
Mobile, AL   36633-1548
Phone:  (251) 405-5065
E-mail:  wbutler@starneslaw.com
          sstevens@starneslaw.com

<u>CERTIFICATE OF SERVICE</u>

     I do hereby certify that I have on this the __24__ day of __MARCH__, 2008, electronically filed notice of the foregoing with the Clerk of the Court using the CM/ECF system and mailed a copy of the same to counsel at the following address:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL 36302
Fax: 334-793-8280
Phone: 334-793-1555

                                         *s/SCOTT D. STEVENS*
                                         SCOTT D. STEVENS
                                         STEVS0320

EXHIBIT

E

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

ANNIE BELL LAMBERT,    *

   Plaintiff,     *

             CASE NO. 1:08-cv-00080-SRW

v.           *

WINN-DIXIE STORES, INC.,   *  Formerly in the Circuit Court of
               Houston County, AL
   Defendant.    *  Case No. 08-900008-L


## DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

   Comes now the Defendant, Winn-Dixie Stores, Inc. ("Winn-Dixie"), by and through

undersigned counsel, and supplements its Rule 26 disclosures to add the following:

   **A.  Individuals likely to have Discoverable Information which Winn-Dixie
may use to Support its Claims or Defenses.**

     1.  James Boswell
        59 County Road 23
        Calera, Alabama.
        Phone: 334-397-4308

   Mr. Boswell was a Winn-Dixie employee and has knowledge with regard to
the condition of the area in which Plaintiff fell at the time of the accident.


                _____
                M. WARREN BUTLER
                BUTLM3190
                SCOTT D. STEVENS
                STEVS0320
                Attorneys for Defendant
                Starnes & Atchison LLP
                RSA Battle House Tower, 34th Floor
                P. O. Box 1548
                Mobile, AL  36633-1548
                Phone: (251) 405-5065
                E-mail: wbutler@starneslaw.com
                    sstevens@starneslaw.com

{B0850796}

<u>CERTIFICATE OF SERVICE</u>

     I do hereby certify that I have on this the ___29___ day of ___mAy___, 2008, served by U. S. Mail a copy of the same to counsel at the following address:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL 36302
Fax: 334-793-8280
Phone: 334-793-1555

SCOTT D. STEVENS
STEVS0320

EXHIBIT

F

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

ANNIE BELL LAMBERT,      *

      Plaintiff,         *

                              **CASE NO. 1:08-cv-00080-SRW**

v.                   *

WINN-DIXIE STORES, INC.,   *   **Formerly in the Circuit Court of**
                                   **Houston County, AL**

      Defendant.     *   **Case No. 08-900008-L**

## NOTICE OF DEPOSITION

TO      :      Jake A. Norton, Esq.
                 Cochran, Cherry, Givens,
                 Smith, Lane & Taylor, P.C.
                 P. O. Box 927
                 Dothan, AL  36302
                 Fax:  334-793-8280
                 Phone: 334-793-1555

                 Freedom Court Reporting
                 367 Valley Avenue
                 Birmingham, AL  35209
                 877-373-3660, Ext. 120

DEPONENT:    Annie Bell Lambert

DATE:         June 3, 2008

TIME:          10:00 a.m.

LOCATION:    Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.
                 163 W. Main Street
                 Dothan, AL   36301
                 334-793-1555

{B0845634}

Please take notice that STARNES & ATCHISON, attorneys for the Defendant, will take the deposition of the deponent named above, at the time, date and location indicated above, upon oral examination pursuant to the *Alabama Rules of Civil Procedure*, before an officer duly authorized to administer oaths and swear witnesses. The oral examination will continue from day to day until completed and you are invited to attend if you desire.

Dated ___21___ day of ___MAY___, 2008.

M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Starnes & Atchison LLP
RSA Battle House Tower, 34th Floor
P. O. Box 1548
Mobile, AL  36633-1548
Phone: (251) 405-5065
E-mail:  wbutler@starneslaw.com
           sstevens@starneslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the ___21___ day of ___MAY___, 2008, I served the foregoing on counsel via U. S. Mail as follows:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL  36302
Fax:  334-793-8280
Phone: 334-793-1555

SCOTT D. STEVENS

{B0845634}



# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

ANNIE BELL LAMBERT,        )
                                       )
      **Plaintiff,**            )
                                       )
**vs.**                                    )  **CASE NO. 1:08-cv-80-MEF**
                                       )
**WINN-DIXIE STORES, INC.,**       ) Formerly in the Circuit Court of
                                       ) Houston County, AL.
      **Defendant.**           ) **Case No. 08-900008-L**

## NOTICE TO TAKE DEPOSITION

TO:       Scott D. Stevens
             Starnes & Atchison, LLP
             P.O. Box 1548
             Mobile, Al. 36633


DATE:      Tuesday, June 3, 2008

TIME:       1:30 pm

LOCATION:  Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.
                 163 West Main Street
                 Dothan, Al. 36302


     **PLEASE TAKE NOTICE** Plaintiff will take the deposition of **Mr. Chris Adams**

on **June 3, 2008 at 1:30 P.M. CST** at the Office of **Mr. Jake A. Norton,  Cochran,**

**Cherry, Givens, Smith, Lane & Taylor, P.C. 163 West Main Street Dothan, Alabama**

**36302**.  Said deposition will be taken upon oral examination, pursuant to the ALABAMA

RULES OF CIVIL PROCEDURE, before an Official Court Reporter authorized by law to

administer oaths.  These depositions are being taken for the purpose of discovery, for use at

trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. Said depositions shall continue day to day until complete.

Dated this 21st day of May, 2008.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

Jake A. Norton (NOR067)
POST OFFICE BOX 927
DOTHAN, ALABAMA 36302
(334) 793-1555
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by placing same in the U.S. mail postage prepaid and properly addressed as follows on this the 21st day of May, 2008:


Scott D. Stevens
Starnes & Atchison, LLP
P.O. Box 1548
Mobile, Al. 36633

Jake A. Norton

cc:    Court Reporters

EXHIBIT

**H**

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

**JAKE A. NORTON**
Attorney for Plaintiff
Post Office Box 927
Dothan, Alabama 36302
(334) 793-1555

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of June, 2008, served a copy of the foregoing upon counsel of record by placing a copy of same in the U.S. Mail, postage prepaid and addressed as follows:

Scott D. Stevens, Esquire
Starnes & Atchison, LLP
P.O. Box 1548
Mobile, Al. 36633

Of Counsel

EXHIBIT
I

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ANNIE BELL LAMBERT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CASE NO. 1:08-cv-80-MEF** |
| | ) |
| **WINN-DIXIE STORES, INC.,** | ) **Formerly in the Circuit Court of** |
| | ) **Houston County, AL.** |
| **Defendant.** | ) **Case No. 08-900008-L** |

## 2nd AFFIDAVIT OF JAKE A. NORTON

Personally appeared before me, the undersigned, who being by me duly sworn, deposes and says as follows:

1.    My name is Jake A. Norton and I am counsel for the plaintiff in the above styled action. I am over the age of nineteen and I have personal knowledge of the facts contained in this affidavit. I am competent to testify in court if called to do so.

2.    I have visited Winn-Dixie's website, http://www.winn-dixie.com/, investigated their area of operation, and have printed the pertinent list of stores owned by Winn-Dixie under the heading "Winn-Dixie Stores, Inc." I have attached said printouts and have attached them to this affidavit as attachments 1 and 2.

Further affiant saith not.

Jake A. Norton

Dated this the 4th day of August, 2008.

STATE OF ALABAMA)
COUNTY OF DALE    )

    Jake A. Norton, being first duly sworn, deposes and says that he has read the foregoing instrument and he knows the contents thereof; that the same is true to his knowledge and belief.

    Sworn to and subscribed before me this the 4th day of August, 2008.

NOTARY PUBLIC

My Commission Expires
April 18, 2012

EXHIBIT

Attachment 1



# Winn✓Dixie.com

## About Us : Area of Operation

Winn-Dixie operates supermarkets throughout the Southeastern U.S. with stores in Florida, Georgia, Alabama, Mississippi, and Louisi. location, we're committed to getting better all the time!

The map below illustrates each Designated Market Area, or DMA, in which Winn-Dixie Stores, Inc. currently operates stores. To get det on stores in each DMA, please click here.

The company also operates distribution centers in Jacksonville, Miami and Orlando, FL; Montgomery, AL; and Hammond, LA. In addit manufacturing plants produce or process a variety of products including coffee, tea, spices, carbonated and non-carbonated drinks, froz cream, sherbet and milk.

To get detailed information on distribution centers and plants in each DMA, please click here.

---

Blumberg No. 5208
EXHIBIT
Attachment 2

**Winn-Dixie Stores, Inc.**

The list below is comprised of the stores currently operated by Winn-Dixie.

To sort the list, please click the appropriate column header at the top of the table. By default, the list is sorted by DMA (Designated Market Area).

*Disclaimer: We make every effort to maintain current information regarding the status of each store location. There may be limited occasions in which the site may not reflect the most current status. We apologize in advance if this causes any inconvenience to any of our valued customers.*

| DMA | Region | ZIP | State | City | Street Address | Shopping Center | Store Type | Store # | County | Status |
|---|---|---|---|---|---|---|---|---|---|---|
| Albany | Jacksonville | 31707 | GA | ALBANY | 2800 OLD DAWSON RD | CROSS STATION SHOPPING CENTER | Marketplace | 22 | DOUGHERTY | FOOTPRINT |
| Albany | Jacksonville | 31768 | GA | MOULTRIE | 103 TALMADGE DRIVE | MARKETPLACE SHOPPING CENTER | Marketplace | 101 | COLQUITT | FOOTPRINT |
| Albany | Jacksonville | 31763 | GA | LEESBURG | 1553 US 19 SOUTH | LEE MARKET | Marketplace | 110 | LEE | FOOTPRINT |
| Albany | Jacksonville | 31705 | GA | ALBANY | 2418 SYLVESTER ROAD | CROSSROADS MARKETPLACE | Marketplace | 120 | DOUGHERTY | FOOTPRINT |
| Albany | Jacksonville | 31701 | GA | ALBANY | 200 E. OAKRIDGE DR | | Winn Dixie | 172 | DOUGHERTY | FOOTPRINT |
| Albany | Jacksonville | 31730 | GA | CAMILLA | 129 US HWY 19 NORTH | CAMILLA MARKETPLACE | Winn Dixie | 175 | MITCHELL | FOOTPRINT |
| Baton Rouge | New Orleans | 70805 | LA | BATON ROUGE | 6800 GREENWELL SPRINGS | | Marketplace | 1453 | EAST BATON ROUGE | FOOTPRINT |
| Baton Rouge | New Orleans | 70806 | LA | BATON ROUGE | 5555 BURBANK DRIVE | NELSON PLAZA SHOPPING CENTER | Marketplace | 1454 | EAST BATON ROUGE | FOOTPRINT |
| Baton Rouge | New Orleans | 70810 | LA | BATON ROUGE | 8601 SIEGEN LANE | | Marketplace | 1461 | EAST BATON ROUGE | FOOTPRINT |
| Baton Rouge | New Orleans | 70816 | LA | BATON ROUGE | 13555 OLD HAMMOND HWY. | | Marketplace | 1467 | EAST BATON ROUGE | FOOTPRINT |
| Baton Rouge | New Orleans | 70769 | LA | PRAIRIEVILLE | 17682 AIRLINE HGWY | | Marketplace | 1590 | ASCENSION | FOOTPRINT |
| Baton Rouge | New Orleans | 70785 | LA | WALKER | 28145 WALKER SOUTH ROAD | WALKER MARKETPLACE | Marketplace | 1591 | LIVINGSTON | FOOTPRINT |
| Baton Rouge | New Orleans | 70760 | LA | NEW ROADS | 420 HOSPITAL ROAD | ACADIAN VILLAGE SHOPPING CENTR | Marketplace | 1572 | POINTE COUPEE | FOOTPRINT |
| Baton Rouge | New Orleans | 70818 | LA | BATON ROUGE | 10974 JOOR RD | INTERSTATE SHOPPING CENTER | Marketplace | 1576 | EAST BATON ROUGE | FOOTPRINT |
| Baton Rouge | New Orleans | 70816 | LA | BATON ROUGE | 13002 COURSEY BLVD | | Marketplace | 1577 | EAST BATON ROUGE | FOOTPRINT |
| Baton Rouge | New Orleans | 70791 | LA | ZACHARY | 5005 CHURCH STREET | RIVERSIDE PLAZA | Marketplace | 1581 | EAST BATON ROUGE | FOOTPRINT |
| Baton Rouge | New Orleans | 70538 | LA | FRANKLIN | 204 NORTHWEST BLVD. | FERRIDAY MARKET | Winn Dixie | 1559 | SAINT MARY | FOOTPRINT |
| Biloxi Gulfport | New Orleans | 39503 | MS | GULFPORT | 11312 H HWY 49 | ORANGE GROVE SHOPPING CENTER | Winn Dixie | 1511 | HARRISON | FOOTPRINT |
| Biloxi Gulfport | New Orleans | 39501 | MS | GULFPORT | 1444 EAST PASS ROAD | | Marketplace | 1512 | HARRISON | FOOTPRINT |
| Biloxi Gulfport | New Orleans | 39540 | MS | DIBERVILLE | 10511 D'IBERVILLE BLVD. | K-MART SHOPPING CENTER | Marketplace | 1513 | HARRISON | FOOTPRINT |
| Biloxi Gulfport | New Orleans | 39564 | MS | OCEAN SPRINGS | 1515 BIENVILLE BLVD | SPRING PLAZA | Winn Dixie | 1478 | JACKSON | FOOTPRINT |
| Biloxi Gulfport | New Orleans | 39560 | MS | LONG BEACH | 109 NORTH CLEVELAND AVE. | LONG BEACH VILLAGE | Marketplace | 1479 | HARRISON | FOOTPRINT |
| Biloxi Gulfport | New Orleans | 39531 | MS | BILOXI | 2384 PASS RD. | POPP'S FERRY SHOPPING CENTER | Winn Dixie | 1357 | HARRISON | FOOTPRINT |
| Birmingham | Jacksonville | 35215 | AL | BIRMINGHAM | 2402 OLD SPRINGVILLE ROAD | CHALKVILLE SQUARE SHOPPING CTR | Marketplace | 574 | JEFFERSON | FOOTPRINT |
| Birmingham | Jacksonville | 35022 | AL | BESSEMER | 2910 MORGAN RD, SUITE 128 | MORGAN ROAD SQUARE | Marketplace | 595 | JEFFERSON | FOOTPRINT |
| Birmingham | Jacksonville | 35044 | AL | CHILDERSBURG | 33404 US HWY 280 | CHILDERSBURG MART | Winn Dixie | 400 | TALLADEGA | FOOTPRINT |
| Birmingham | Jacksonville | 35208 | AL | BIRMINGHAM | 2220 BESSEMER ROAD | FIVE POINTS WEST SHOPPING CENT | Marketplace | 405 | JEFFERSON | FOOTPRINT |
| Birmingham | Jacksonville | 35404 | AL | TUSCALOOSA | 4201 UNIVERSITYBLVD | FIVE POINTS SHOPPING CENTER | Marketplace | 407 | TUSCALOOSA | FOOTPRINT |
| Birmingham | Jacksonville | 35125 | AL | PELL CITY | 1009 MARTIN ST. | PELL CITY MARKETPLACE | Winn Dixie | 410 | SAINT CLAIR | FOOTPRINT |
| Birmingham | Jacksonville | 35045 | AL | CLANTON | 640 OLLIE AVENUE | CLANTON MARKETPLACE | Winn Dixie | 411 | CHILTON | FOOTPRINT |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Birmingham | Jacksonville | 36201 | AL | ANNISTON | 800 NOBLE STREET | | Winn Dixie | 429 | CALHOUN | FOOTPRINT |
| Birmingham | Jacksonville | 36206 | AL | ANNISTON | 2495 HWY 431 | SAKS PLAZA | Winn Dixie | 434 | CALHOUN | FOOTPRINT |
| Birmingham | Jacksonville | 35213 | AL | BIRMINGHAM | 4476 MONTEVALLO ROAD | OLD SPRINGFIELD SHOPPING | Marketplace | 435 | JEFFERSON | FOOTPRINT |
| Birmingham | Jacksonville | 35906 | AL | RAINBOW CITY | 3331 RAINBOW DRIVE | RAINBOW MARKETPLACE | Marketplace | 442 | ETOWAH | FOOTPRINT |
| Birmingham | Jacksonville | 36207 | AL | ANNISTON | 1408 GOLDEN SPRINGS ROAD | GREENBRIAR STATION | Marketplace | 447 | CALHOUN | FOOTPRINT |
| Birmingham | Jacksonville | 35401 | AL | TUSCALOOSA | 1503 CULVER ROAD | WESTGATE SHOPPING CENTER | Winn Dixie | 453 | TUSCALOOSA | FOOTPRINT |
| Birmingham | Jacksonville | 35068 | AL | FULTONDALE | 1721 HWY 31 N | THE QUAIL RUN VILLAGE | Marketplace | 458 | JEFFERSON | FOOTPRINT |
| Birmingham | Jacksonville | 35173 | AL | TRUSSVILLE | 465 MAIN STREET | TRUSSVILLE MARKETPLACE | Marketplace | 461 | JEFFERSON | FOOTPRINT |
| Birmingham | Jacksonville | 36203 | AL | OXFORD | 4920 HWY 78 WEST | COLDWATER CREEK | Winn Dixie | 462 | CALHOUN | FOOTPRINT |
| Birmingham | Jacksonville | 35080 | AL | HELENA | 335 HELENA MARKET PLACE | HELENA MARKETPLACE | Marketplace | 469 | SHELBY | FOOTPRINT |
| Birmingham | Jacksonville | 35405 | AL | TUSCALOOSA | 9750 HIGHWAY 69 SOUTH | ENGLEWOOD VILLAGE | Marketplace | 479 | TUSCALOOSA | FOOTPRINT |
| Birmingham | Jacksonville | 35501 | AL | JASPER | 2601 HWY 78 EAST | CRUMP MARKETPLACE | Marketplace | 496 | WALKER | FOOTPRINT |
| Birmingham | Jacksonville | 35126 | AL | PINSON | 4701 CENTERPOINT RD | PINSON MARKETPLACE | Marketplace | 500 | JEFFERSON | FOOTPRINT |
| Birmingham | Jacksonville | 35244 | AL | BIRMINGHAM | 2653 VALLEYDALE ROAD | VALLEYDALE MARKETPLACE | Marketplace | 514 | SHELBY | FOOTPRINT |
| Birmingham | Jacksonville | 35243 | AL | VESTAVIA HILLS | 3925 CROSSHAVEN DRIVE | | Marketplace | 517 | JEFFERSON | FOOTPRINT |
| Birmingham | Jacksonville | 35043 | AL | CHELSEA | 150 CHELSEA CORNERS | CHELSEA CORNERS | Marketplace | 509 | SHELBY | FOOTPRINT |
| Birmingham | Jacksonville | 36265 | AL | JACKSONVILLE | 815 PELHAM ROAD S. | JACKSONVILLE MARKETPLACE | Marketplace | 525 | CALHOUN | FOOTPRINT |
| Birmingham | Jacksonville | 35475 | AL | NORTHPORT | 13580 Hwy 43 North | TALLADEGA SHOPPING CENTER | Marketplace | 526 | TUSCALOOSA | FOOTPRINT |
| Birmingham | Jacksonville | 35476 | AL | NORTHPORT | 10 MCFARLAND BLVD. | ESSEX SQUARE MARKETPLACE | Marketplace | 528 | TUSCALOOSA | FOOTPRINT |
| Birmingham | Jacksonville | 35023 | AL | HUEYTOWN | 104 RIVER SQUARE PLAZA | A211 | Winn Dixie | 550 | JEFFERSON | FOOTPRINT |
| Columbus | Jacksonville | 31709 | GA | AMERICUS | 1208 CRAWFORD ST. | MARKET PLACE OF AMERICUS | Marketplace | 545 | SUMTER | FOOTPRINT |
| Columbus | Jacksonville | 31907 | GA | COLUMBUS | 1100 HUNT AVENUE | BUENA VISTA VILLAGE | Marketplace | 482 | MUSCOGEE | FOOTPRINT |
| Columbus | Jacksonville | 31907 | GA | COLUMBUS | 5750 MILGEN ROAD | OLD TOWNE PLAZA | Marketplace | 480 | MUSCOGEE | FOOTPRINT |
| Columbus | Jacksonville | 36027 | AL | EUFAULA | 1037 S. EUFAULA AVE. | EUFAULA SQUARE | Marketplace | 478 | BARBOUR | FOOTPRINT |
| Columbus | Jacksonville | 36830 | AL | AUBURN | 1625 E UNIVERSITY DRIVE | UNIVERSITY CROSSING | Marketplace | 470 | LEE | FOOTPRINT |
| Columbus | Jacksonville | 31907 | GA | COLUMBUS | 4231 MACON ROAD | EDGEWOOD STATION | Marketplace | 443 | MUSCOGEE | FOOTPRINT |
| Columbus | Jacksonville | 36801 | AL | OPELIKA | 1441 FOXRUN PARKWAY | BETTS CROSSING | Marketplace | 437 | LEE | FOOTPRINT |
| Columbus | Jacksonville | 31903 | GA | COLUMBUS | 1627 S LUMPKIN ROAD | RIVERSQUARE MARKETPLACE | Marketplace | 438 | MUSCOGEE | FOOTPRINT |
| Columbus | Jacksonville | 31909 | GA | COLUMBUS | 6770 VETERANS PARKWAY | NORTH CROSSING | Marketplace | 439 | MUSCOGEE | FOOTPRINT |
| Columbus | Jacksonville | 36867 | AL | PHENIX CITY | 3952 US HWY 80 | ALEXANDER CITY SHOPPING CENTER | Marketplace | 433 | RUSSELL | FOOTPRINT |
| Columbus | Jacksonville | 36832 | AL | AUBURN | 1617 SOUTH COLLEGE STREET | TIGER CROSSING SHOPPING CENTER | Marketplace | 579 | LEE | FOOTPRINT |
| Dothan | Jacksonville | 36301 | AL | DOTHAN | 1151 ROSS CLARK CR | DOTHAN EAST | Marketplace | 457 | HOUSTON | FOOTPRINT |
| Dothan | Jacksonville | 36301 | AL | DOTHAN | 2131 ROSS CLARK CIRCLE | SOUTHVIEW SQUARE SHOPPING CTR | Marketplace | 454 | HOUSTON | FOOTPRINT |
| Dothan | Jacksonville | 36330 | AL | ENTERPRISE | 705 BOLLWEEVIL CIRCLE | BOLLWEEVIL PLAZA | Winn Dixie | 476 | COFFEE | FOOTPRINT |
| Dothan | Jacksonville | 36301 | AL | DOTHAN | 3850 W. MAIN STREET | HOUSTON PLACE | Marketplace | 422 | HOUSTON | FOOTPRINT |
| Dothan | Jacksonville | 36303 | AL | DOTHAN | 1571 WESTGATE PKWY | WIREGRASS PLAZA | Marketplace | 426 | HOUSTON | FOOTPRINT |
| Ft Myers Naples | Miami | 34266 | FL | ARCADIA | 1330 E OAK STREET | ARCADIA MARKET PLACE | Winn Dixie | 618 | DE SOTO | FOOTPRINT |
| Ft Myers Naples | Miami | 34142 | FL | IMMOKALEE | 1602 LAKE TRAFFORD ROAD | IMMOKALEE PLAZA | Winn Dixie | 751 | COLLIER | FOOTPRINT |
| Ft Myers Naples | Miami | 33931 | FL | FT MYERS BEACH | 17105 SAN CARLOS BLVD | SUMMERLIN SQUARE | Winn Dixie | 717 | LEE | FOOTPRINT |
| Ft Myers Naples | Miami | 34224 | FL | ENGLEWOOD | 4100 MCCALL ROAD | | Marketplace | 720 | CHARLOTTE | FOOTPRINT |
| Ft Myers Naples | Miami | 33935 | FL | LA BELLE | 906 S. MAIN STREET | | Marketplace | 721 | HENDRY | FOOTPRINT |
| Ft Myers Naples | Miami | 33917 | FL | N FT MYERS | 1850 N TAMIAMI TRAIL | WEAVERS CORNER | Winn Dixie | 723 | LEE | FOOTPRINT |
| Ft Myers Naples | Miami | 33956 | FL | ST JAMES CITY | 9706 STRINGFELLOW ROAD | PINE ISLAND CENTER | Winn Dixie | 726 | LEE | FOOTPRINT |
| Ft Myers Naples | Miami | 33905 | FL | FORT MYERS | 14600 PALM BEACH BLVD | EAST GATE SQUARE | Marketplace | 728 | LEE | FOOTPRINT |