**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANNIE BELL LAMBERT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 1:08-cv-80-MEF** |
| | ) | |
| WINN-DIXIE STORES, INC., | ) | **Formerly in the Circuit Court of** |
| | ) | **Houston County, AL.** |
| **Defendant.** | ) | **Case No. 08-900008-L** |


**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT**

Comes Now the Plaintiff and respectfully requests leave to amend her Complaint

to more accurately describe Defendant. Plaintiff's motion is made pursuant to Fed. R.

Civ. Pro. 16(b) and 15(c)(1)(C). As ground therefore, Plaintiff states the following:

**I.       STATEMENT OF UNDISPUTED FACTS**

1.  On or about the January 15, 2006, Plaintiff was injured while shopping at a Winn-
    Dixie store located at 1571 Westgate Parkway, Dothan, Alabama. (Complaint,
    Exh. A to Doc. 1).

2.  On or about January 20, 2008, Plaintiff was contacted by Defendant's agent,
    Melanie Alm, for the purpose of taking Plaintiff's recorded statement. (See
    recorded statement transcript, pg.1 lines 1 and 2, attached as Exhibit "A"[1]).

3.  On January 7, 2008, a Complaint was filed by the Plaintiff in the Circuit Court of
    Houston County, Alabama. (Complaint, Exh. A to Doc. 1).

---

[1] This document was sent to Plaintiff as part of Defendant's Response to Plaintiff's Request for Production.

4.   The Complaint was served upon Defendant's registered agent, Corporation

Service Company, 1201 Hayes Street, Tallahassee, Florida (See Affidavit of Jake

A. Norton and attachments 1, 2 and 3 attached as Exhibit "B").

5.   The Defendant subsequently removed the case to this Court. (Notice of Removal,

Doc. 1).

6.   This Court issued a Scheduling Order on March 12, 2008 giving the parties until

May 26, 2008 to file any motions to amend the pleadings. (Scheduling Order,

Doc. 6).

7.   On March 24, 2008 Defendant served its Rule 26(a)(1) Initial Disclosures on

Plaintiff and on May 29, 2008 Defendant supplemented these disclosures. Neither

pleading gave any indication that Defendant was either misnamed or improper.

(See Defendant's Initial Disclosures, attached as Exhibit "C" and Defendant's

Supplemental Initial Disclosures, attached as Exhibit "D").

8.   On June 18, 2008, Plaintiff served upon Defendant Plaintiff's First Set of

Interrogatories to Defendant, Plaintiff's Requests for Admission, and Plaintiff's

Requests for Production. (See Certificate of Service, Exhibit "E").

9.   On July 18, 2008, Defendant filed Defendant's Motion for Summary Judgment.

(Motion, Doc.7).

10. Plaintiff has filed her Response to Defendant's Motion for Summary Judgment

and accompanying brief contemporaneously with her Motion for Leave to Amend

Complaint and accompanying brief.

## II. STANDARD OF REVIEW

"District courts are required to "enter a scheduling
order that limits the time to…join other parties and to

2

amend the pleadings…" Fed.R.Civ.P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.Pro. 16(b)." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (Fla. 1998).

Plaintiff has allowed the time granted to amend her pleadings lapse and therefore must show good cause for amending her Complaint in accordance with Fed. R. Civ. Pro. 16(b). After establishing good cause, Plaintiff then seeks to prove satisfaction of the requirements of Fed. R. Civ. Pro. 15 (c)(1)(C).

### III.    LEGAL ARGUMENT

**A.    Defendant's answers contained in its responsive pleadings as well as its Rule 26(b) Initial Disclosures warrant good cause, in accordance with Fed. R. Civ. Pro. 16(b), for Plaintiff to be allowed to amend her Complaint to more accurately describe Defendant.**

Soon after being injured inside a Winn-Dixie store, Plaintiff was contacted by Melanie Alm, an adjustor for Winn-Dixie Claims Service Center. Ms. Alm conducted a recorded interview with Plaintiff during this contact. (See recorded statement transcript, pg.1 lines 1 and 2, attached as Exhibit "A").

Plaintiff filed suit, describing Defendant as "Winn-Dixie Stores, Inc." In its Answer, Defendant admitted to ownership/control of the premises. In subsequent pleadings, Defendant stated it was the employer of the personnel on duty at the time of the subject accident. In its Initial Disclosures, Defendant describes itself as "Winn-Dixie" and describes an individual named Chris Adams as follows: "Mr. Adams is a Winn-Dixie manager and was the manager on duty for Winn-Dixie at the time of Plaintiff's alleged accident. Mr. Adams has knowledge with regard to the condition of the area in which Plaintiff fell at the

time of the accident. Mr. Adams should only be contacted through the undersigned counsel for Winn-Dixie." (See Defendant's Initial Disclosures paragraph A, attached as Exhibit "C"). It is clear that Defendant is the owner/operator of the subject store and that Defendant has held itself out to be named "Winn-Dixie Stores, Inc." The actions of Defendant constitute good cause for Plaintiff to be allowed to modify this Court's Scheduling Order to permit Plaintiff to amend her Complaint to better reflect the true name of Defendant, "Winn-Dixie Montgomery, Inc."

It was only after the expiration of the time period allowed by this Court to amend pleadings that Defendant contested its name on Plaintiff's Complaint. The Winn-Dixie conglomerate continues to refer to the name of the owner/operator of the subject store as "Winn-Dixie Stores, Inc." as evidenced by their website. Plaintiff should not be panelized for not discovering Defendant's correct description given Defendant's actions.

**B.**      **In accordance with Fed. R. Civ. Pro. 15(a)(2), justice requires this Court to grant leave to Plaintiff for her to amend her Complaint to better describe Defendant.**

Defendant has filed a Motion for Summary Judgment based on the premise that Plaintiff has filed suit against the wrong defendant. Plaintiff has attempted to reveal to this Court that she has in fact been litigating her claim against the correct defendant and has only misdescribed Defendant. It is now necessary for Plaintiff to amend her Complaint to properly describe Defendant. The applicable statute of limitations has run on Plaintiff's claim and if this Court

grants defendant's Motion for Summary Judgment and does not allow Plaintiff to amend her Complaint, Plaintiff will be denied justice.

**C.**        **Plaintiff's Amended Complaint would meet the requirements of Fed. R. Civ. Pro 15(c)(1)(C) and should be allowed to relate back.**

Fed R. Civ. Pro 15(c)(1)(C) requires that Fed. R. Civ. Pro 15(c)(1)(B) first be met. Since Plaintiff's Amended Complaint would only change the description of Defendant, each claim brought would arise out of the conduct, transaction and occurrence set out in the original Complaint. Plaintiff's original Complaint was served upon Defendant's registered agent within the timelines provided by Fed. R. Civ. Pro 4(m). (See Affidavit of Jake A. Norton and attachments 1, 2 and 3 attached as Exhibit "B").

Having satisfied Fed. R. Civ. Pro. 15(c)(1)(B) and 4(m), Plaintiff must now satisfy Fed. R. Civ. Pro. 15(c)(1)(C)(i) and 15(c)(1)(C)(ii). Plaintiff has clearly demonstrated in her Brief in Opposition to Defendant's Motion for Summary Judgment as well as here that Defendant, Winn-Dixie Montgomery, Inc., received such notice of this action that it will not be prejudiced in defending on the merits. Winn-Dixie's Claim Service Center first contacted Plaintiff five days after Plaintiff's accident. Plaintiff's counsel conducted negotiations with the Winn-Dixie agent and then properly served the registered agent for Winn-Dixie Montgomery, Inc. No defense has ever been raised of insufficient process or insufficient service of process. Defendant Winn-Dixie Montgomery, Inc. had the benefit of its agent contacting Plaintiff to get a recorded statement, the benefit of an incident report and the benefit of proper service of Plaintiff's Complaint upon its agent; thus establishing that Defendant Winn-Dixie Montgomery knew or

should have known that the action would be brought against it, but for a mistake

concerning the proper party's identity, a mistake that was induced by Defendant's

own actions.

WHEREFORE, the premises considered, Plaintiff respectfully requests

this Court grant her Motion for Leave to Amend Complaint.


Respectfully submitted on this the 4th day of August, 2008.


**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

*/s/ Jake A. Norton*
Jake A. Norton, Esq. (NOR067)
ASB 4172-J72N
163 West Main Street
Dothan, AL. 36301


## CERTIFICATE OF SERVICE


I hereby certify that I have this 4th day of August, 2008, served a copy of the
foregoing upon counsel of record by filing the same with the Clerk of Court via CM/ECF or
by U.S. MAIL, postage prepaid:

M. Warren Butler
Scott D. Stevens
Starnes & Atchison, LLP
P.O. Box 1548
Mobile, Al. 36633


/s/ Jake A. Norton
Of Counsel

Page 1 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

EXHIBIT
A

This is Melanie Alm with the Winn-Dixie Claims Service Center. Today's date is January 20, 2006 and the time now is approximately 3:15 p.m. Eastern Time.

Q.    Do you understand that this is being recorded?
A.    Yes, I do.

Q.    And is that done with your permission?
A.    Yes.

Q.    Okay. State your name for me please.
A.    Annie Lambert.

Q.    And your home address?
A.    My home address is 2806 Rockcreek Road, Rockcreek is one word, and that is in Dothan, D O T H A N, Alabama 36303.

Q.    36303?
A.    Yes.

Q.    Okay. And are you married or single?
A.    I am divorced.

Q.    Your date of birth?
A.    11/11/39.

Q.    And your Social Security number?
A.    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, I think is right.

Q.    2046, okay. Are you currently employed outside of the home?
A.    Yes, I am. I work a 40-hour week for J.C. Penney in Dothan.

Q.    Okay, so you're missing work then, huh?
A.    Yes, I am.

Q.    So we're talking about an accident that occurred this past Sunday, that would have been January 15, 2006, correct?
A.    That's exactly right.

Q.    Okay. Do you remember about what time of day this happened?
A.    Somewhere around 1:00 or 1:30, I'm not exactly... I can't be exact, but somewhere in that time frame.

Page 2 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

Q.    In the afternoon, 1:00 to 1:30 in the afternoon?
A.    Yes.

Q.    Okay. And where abouts in the store did this happen?
A.    Okay, I was in front of the seafood department where the freezers are, the seafood, the fresh seafood, such as salmon, catfish, that type thing.

Q.    Okay.
A.    I was pushing my buggy along in front, and I happen to see the red salmon and I thought I was interested in that. I stopped my buggy, and as I said I turned and with my left foot, I stepped upon the dark tile in front of the seafood freezer. And when I stepped upon that dark tile, my foot had shot out from under me and I landed on my left leg. All my weight went right on the, uh, that side of my leg from right about where the hip... the leg joins onto the hip all the way down to my knee. All of my weight went on that part of my leg. I could not move. I had to sit there for I don't know how long, several minutes. The store manager or the assistant store manager, I don't know if he told me he was the store manager or the assistant store manager, and I can't recall his name, even though I've got it wrote down here somewhere. But anyway, he saw the accident, he saw me fall, and he came up to me and asked if he could help, and I, uh, told him that I cold not move and he would just have to leave me be 'til I could see if, you know, I could get up or whatever. In the meantime, he offered to call 911. And he was very nice, very considerate. But in the meantime, another person that worked there in the store, another guy, came up and he stressed o him, asked him to go and get a chair and they were going to see if they could help me up. So the guy went away and got a chair and came back, and eventually they were ale to help me to my... to get to my... to the chair. However, I wasn't able to bear any weight or anything on the leg. I just mainly got up on my right side. And, of course, they helped me to sit. And he offered his cell phone and I called my sister, which was approximately 5 minutes away. And she and her husband came out and got me and they put me on a wheelchair and held me... I mean to help me to my car. And so they helped me into my car and she drove me to the _____ Hospital to the emergency room. And in there I was in the emergency room until somewhere between 6:30 and 7:00 they took me into surgery.

Q.    Okay, and (inaudible).
A.    Right, yes. And the doctor said he put in three screws, or I don't even know the terminology, all I know is that he used the word three screws or whatever they put in your leg.

Q.    Okay.
A.    I'm to go back to him Thursday. And I'll probably be a little bit more at myself and know what he did and did not say.

Page 3 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

Q.   Okay, I'm sure you weren't primarily concerned with that at that time.
A.   Well.

Q.   Going back to the store just real quickly. Do you have any idea what it was that
     caused you to fall?
A.   I have no idea, except the floor was extremely slick like a... while I was sitting
     there, I remember just rubbing my hand across the floor and it felt just like... I
     don't know if it was greasy or what, but it was just as slick as glass, any glass I've
     ever felt of, you know, it was just so slick. And the guy said to me while I was on
     the floor, I remember him saying, "Well, we had a sign up." And I said the sign,
     as best I remember, was like against the freezer, which I mean no customer would
     have even... I don't think anybody would have even seen the sign. I certainly did
     not see it until he pointed it out to me.

Q.   Okay. It was up against the freezer?
A.   Well, it was closer to the freezer than it was away from the freezer. Now, the
     only thing that I can say about that – and I know everybody is different – I work
     in a store, so we do have accidents sometimes. People, you know, fall or what
     have you. But if it's anything like where we have to mop or anything of danger,
     they'll put out like three or four of those things and rope off the area. We don't
     ever just stick something like that out. And I mean that's the way we do it. And I
     know everybody's different. I'm not saying that's right or wrong. But I did not
     see the sign. Had it had been roped, I probably would have... it would have
     caught my eye.

Q.   Okay.
A.   I did not notice it otherwise.

Q.   Okay. Can you estimate for me, and I know you didn't see it at the time that you
     fell, but when he pointed it out to you, about how far away from the sign were
     you?
A.   It was not very... how far away was I from the sign?

Q.   Right.
A.   Oh, Lord. _____, about how far is it between me and you here, about a yard,
     two yards? About a yard or so, about a yard I guess.

Q.   Okay.
A.   I really cannot be certain about that because I was not in a position to...

Page 5 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

Q.    Okay. And have you ever been hurt while you were working?
A.    No, I've never had an accident.

Q.    Okay. Obviously you hip and your leg is bothering you at this point. Is there anything else that you notice being sore?
A.    Well, I don't know if... they took x-rays of my leg and my shoulder, and I'm having some pain in my shoulder. Now, he did not tell me I had a fracture or anything, but when I go back to him Thursday, I'm going to let him double-check that, because I am having some discomfort in my left shoulder. I don't know if I struck something as I was coming down.

Q.    Okay.
A.    Because like I said, I landed on that leg, but I could have hit the freezer as I was coming down, but I don't remember doing that. It could have been _____ that I... in the way I fell, I don't know. But I'm having discomfort in my left shoulder.

Q.    Okay. Have you ever had any prior problems with either your shoulder or that leg or hip?
A.    No.

Q.    Okay. Can you think of anything else I should know about at this point?
A.    Well, I don't know. I just told you what has happened.

Q.    Okay.
A.    I mean I'm not being rude or anything, I just don't know of anything else to tell you.

Q.    No, I think we've covered everything.
A.    I told you the condition that I'm in. And then I won't know about what is going to... the future will hold until I go back to the doctor, what he is going to say, you know.

Q.    Right.
A.    But I'm just doing everything that they're... he's suggesting that I do, and hope to God I can be back to where I was at one of these days.

Q.    Okay, if it's all right with you then, I'll go ahead and turn off the tape, okay?
A.    That's fine.

Q.    You do understand this was recorded, correct?
A.    Yes, I do.

Page 6 of 6
R/S – Annie Lambert
Clmt – Annie Lambert
File #A611200469
01/22/2008

Q.      And that was done with your permission?
A.      Right.

Q.      Okay.

(ilp)



EXHIBIT
B

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

ANNIE BELL LAMBERT,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀CASE NO. 1:08-cv-80-MEF
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
WINN-DIXIE STORES, INC.,⠀⠀⠀) Formerly in the Circuit Court of
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) Houston County, AL.
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀) Case No. 08-900008-L

## AFFIDAVIT OF JAKE A. NORTON

Personally appeared before me, the undersigned, who being by me duly sworn, deposes and says as follows:

1.⠀⠀My name is Jake A. Norton and I am counsel for the plaintiff in the above styled action. I am over the age of nineteen and I have personal knowledge of the facts contained in this affidavit. I am competent to testify in court if called to do so.

2.⠀⠀On January 4, 2008 I performed a search on the Florida Department of State Division of Corporations website and concluded that the Registered Agent Name & Address for Winn-Dixie Montgomery to be Corporation Service Company, 1201 Hays Street, Tallahassee FL 32301 US. As evidence of this I have attached a copy of pertinent part of the search printout to this affidavit and have identified it as attachment 1.

3.⠀⠀On January 7, 2008 I electronically filed the plaintiff's Complaint with the Clerk of the Circuit Court of Houston County. As evidence of this I have attached

a copy of the Notice of Electronic Filing to this affidavit and have identified it as attachment 2.

4.     On January 25, 2008, I received notification from the Clerk of the Circuit Court of Houston County indicating that Defendant's registered agent had received service of the plaintiff's Complaint on January 10, 2008. As evidence of this I have attached a copy of the Notice and Domestic Return Receipt forwarded to me by the Clerk of the Circuit Court of Houston County, Carla Woodall, and have identified it as attachment 3.

Further affiant saith not.

Jake A. Norton

Dated this the 4th day of August, 2008.

STATE OF ALABAMA)
COUNTY OF DALE     )

Jake A. Norton, being first duly sworn, deposes and says that he has read the foregoing instrument and he knows the contents thereof; that the same is true to his knowledge and belief.

Sworn to and subscribed before me this the 4th day of August, 2008.

NOTARY PUBLIC

My Commission Expires
April 18, 2012

**EXHIBIT**
Attachment 1

# FLORIDA DEPARTMENT OF STATE
# DIVISION OF CORPORATIONS

*www.Sunbiz.org*

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |
|---|---|---|---|---|---|

Previous on List    Next on List    Return To List

Events      Name History

Entity Name Search

## Detail by Entity Name

### Florida Profit Corporation

WINN-DIXIE MONTGOMERY, INC.

### Filing Information

| | |
|---|---|
| Document Number | 330286 |
| FEI Number | 591212119 |
| Date Filed | 05/20/1968 |
| State | FL |
| Status | ACTIVE |
| Last Event | AMENDED AND RESTATED ARTICLES |
| Event Date Filed | 11/21/2006 |
| Event Effective Date | NONE |

### Principal Address

5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 US

Changed 11/21/2006

### Mailing Address

5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 US

Changed 11/21/2006

### Registered Agent Name & Address

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301 US

Name Changed: 06/15/2000

Address Changed: 06/15/2000

### Officer/Director Detail

**Name & Address**

Title P

ECKSTEIN, F O
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 US

Title VP

*[handwritten notes:]* Winn-Dixie Stores, Inc.   Store #3   3850 W. Main Street   Dothan. Al. 36305   793-4518   Ronald Cosby   422



Exhibit
Attachment 2

**AlaFile E-Notice**

38-CV-2008-900008.00

To:  JAKE NORTON
      jnorton@cochranfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

### ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL
### 38-CV-2008-900008.00

The following complaint was FILED on 1/7/2008 10:28:51 AM

Notice Date:     1/7/2008 10:28:51 AM

**CARLA H. WOODALL**
**CIRCUIT COURT CLERK**
**HOUSTON COUNTY, ALABAMA**
**114 NORTH OATES STREET**
**DOTHAN, AL 36302**

**334-671-8730**

**Haley Starling**

| | |
|---|---|
| **From:** | AlaFile E-Notice [enotices@alafile.com] |
| **Sent:** | Monday, January 07, 2008 11:53 AM |
| **To:** | Jake Norton |
| **Cc:** | Haley Starling |
| **Subject:** | Notice of Complaint Filing - 38-CV-2008-900008.00 |

**Attachments:**          Filing.pdf



Filing.pdf (225 KB)

```
                38-CV-2008-900008.00
ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL

FILED ON 1/7/2008 10:28:51 AM
```

State of Alabama
Unified Judicial System

**COVER SHEET**
**CIRCUIT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

Form ARCiv-93   Rev.5/99

Case Number:
**38-CV-200**

Date of Filing:
01/07/2008

ELECTRONICALLY FILED
1/7/2008 10:28 AM
CV-2008-900008.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF HOUSTON COUNTY, ALABAMA
### ANNIE BELL LAMBERT v. WINN-DIXIE STORES, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                                         ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
    Appeal/Enforcement of Agency Subpoena/Petition to
    Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
    Judgment/Injunction Election Contest/Quiet Title/Sale For
    Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                              DISTRICT COURT

              R ☐ REMANDED               T ☐ TRANSFERRED FROM    _____
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   NOR067          1/7/2008 10:28:07 AM          /s JAKE NORTON

**MEDIATION REQUESTED:**          ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
1/7/2008 10:28 AM
CV-2008-900008.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

ANNIE BELL LAMBERT,         )

      Plaintiff,          )

                     )

vs.                  )   CIVIL ACTION NO.: CV-2008-\_\_\_\_\_

                     )

WINN-DIXIE STORES, INC.,    )

                     )

      Defendant.        )

## COMPLAINT

COMES NOW the Plaintiff in the above-styled cause, and makes the following Complaint:

1.     On or about the 15th day of January, 2006, Plaintiff, while an invitee, was upon the premises of Defendant in Dothan, Houston County, Alabama, when Plaintiff fell and was injured.

2.     Plaintiff's said fall was the proximate result of the Defendant's negligence/wantonness in that with knowledge that a cooler was leaking water onto the floor of its store, Defendant allowed the water to remain there without cleaning it up and without warning Plaintiff of the presence of the water or the danger that it posed.

3.     As the proximate result of the Defendant's said negligence, the Plaintiff was caused to suffer medical expenses, lost wages, pain and suffering, mental anguish and/or emotional distress, and permanent disability.

4.     Plaintiff claims punitive damages of the Defendant because of the Defendant's wanton conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory and punitive damages and such other damages as are appropriate under the law and such sums as evidence may show and the jury shall find, plus costs of this action.

Dated this the 7th day of January, 2008.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.


*/s/ Jake A. Norton*
**JAKE A. NORTON  (NOR067)**
Attorney for Plaintiff
Post Office Box 927
Dothan, Alabama  36302
(334) 793-1555
(334) 793-8280 (facsimile)


## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.


*/s/ Jake A. Norton*
OF COUNSEL

DEFENDANT TO BE SERVED AT:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL. 32301

WINN-DIXIE STORE # 422
Attention: Ronald Cosby
3850 West Main Street
Dothan, Al. 36301

EXHIBIT
Attachment 3

AVS309

ALABAMA JUDICIAL DATA CENTER
HOUSTON        COUNTY
TRANSMITTAL

CV 2008 900008.00
C. LAWSON LITTLE

IN THE CIRCUIT  COURT OF HOUSTON        COUNTY
ANNIE BELL LAMBERT V. WINN-DIXIE STORES, INC. ET AL

TO: NORTON JAKE AUSUSTO                    ATTORNEY FORC001: LAMBERT AN
    163 W MAIN STREET
    DOTHAN  AL  36302

NOTICE DATE: 01/25/2008        CLERK:CARLA WOODALL
                                      114 NORTH OATES STREET
                                      DOTHAN  AL  36302
                                      (334)677-4859

OPERATOR: SAR
PREPARED: 01/25/2008



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | 2.65 | |
| Return Receipt Fee (Endorsement Required) | 2.15 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  *Winn-Dixie Stores, Inc.*
Street, Apt. No.; or PO Box No.  *% Corporation Service*
City, State, ZIP+4  *1201 Hayes Street*
*Tallahassee, FL. 32301*

See Reverse for Instructions

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Winn-Dixie Stores, Inc.*
*% Corporation Service C*
*1201 Hayes Street*
*Tallahassee, FL. 32301*
*CV-08-900008 L*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  **Kim Glover**  C. Date of Delivery  1-14-08

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

JAN 22 2008

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  **7007 1490 0001 9835 0633**

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

SCANNED



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE    FILED

Postage $

Certified Fee    0.6

Return Receipt Fee
(Endorsement Required)    2.15

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Sent To  *Winn Dixie Store # 422*
Street, Apt. No.;  *atta: Ronald Cosby*
or PO Box No.  *3850 W. Main Street*
City, State, ZIP+4  *Dothan, Alabama 36301*

PS Form 3800, August 2006    See Reverse for Instructions

7007 1490 0001 9835 0640

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Winn-Dixie Store # 422*
*atta: Ronald Cosby*
*3850 W. Main Street*
*Dothan, Alabama 36301*

*CV-08-900008 L*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery  '11-08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

*3850 westmair # 500*
JAN 1 4 2008

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7007 1490 0001 9835 0640

PS Form 3811, February 2004    s+c    Domestic Return Receipt    102595-02-M-1540

SCANNED

EXHIBIT

C

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNIE BELL LAMBERT, | * | |
| Plaintiff, | * | |
| | | CASE NO. 1:08-cv-00080-SRW |
| v. | * | |
| WINN-DIXIE STORES, INC., | * | Formerly in the Circuit Court of |
| | | Houston County, AL |
| Defendant. | * | Case No. 08-900008-L |

### DEFENDANT'S INITIAL DISCLOSURES

Comes now the Defendant, Winn-Dixie Stores, Inc. ("Winn-Dixie"), by and through undersigned counsel, and makes the following disclosures required by Federal Rules of Civil Procedure 26(a)(1), based on the information now reasonably available.

A.    **Individuals likely to have Discoverable Information which Winn-Dixie may use to Support its Claims or Defenses.**

1.    Chris Adams
1441 Fox Run Parkway
Opelika, Alabama 36801
(334) 741-4140

Mr. Adams is a Winn-Dixie manager and was the manager on duty for Winn-Dixie at the time of the Plaintiff's alleged accident. Mr. Adams has knowledge with regard to the condition of the area in which Plaintiff fell at the time of the accident. Mr. Adams should only be contacted through the undersigned counsel for Winn-Dixie.

B.    **Documents in the Possession, Custody or Control of Winn-Dixie that may be used to Support its Defenses.**

To the extent not privileged or otherwise protected from discovery, any documents responsive to this required disclosure will be made available for viewing and inspection at a time mutually convenient to the parties at the following address:

{B0823337}

Starnes & Atchison, LLP
RSA- Battle House Tower, 34th Floor
11 North Water Street
Mobile, AL 36602

At this time, Winn-Dixie has no documents that are required to be disclosed pursuant to Rule 26(a)(1).

### C.      Computation of Damages.

Upon information and belief, Plaintiff is not entitled to any damages or other relief from this Defendant.

### D.      Insurance Agreements.

Winn-Dixie is self-insured for this loss, and there is no applicable insurance agreement.

s/SCOTT D. STEVENS
M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Starnes & Atchison LLP
RSA Battle House Tower, 34th Floor
P. O. Box 1548
Mobile, AL   36633-1548
Phone: (251)  405-5065
E-mail:  wbutler@starneslaw.com
            sstevens@starneslaw.com

{B0823337}2

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the __24__ day of __MARCH__, 2008, electronically filed notice of the foregoing with the Clerk of the Court using the CM/ECF system and mailed a copy of the same to counsel at the following address:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL  36302
Fax:  334-793-8280
Phone:  334-793-1555

s/SCOTT D. STEVENS
SCOTT D. STEVENS
STEVS0320

EXHIBIT

D

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ANNIE BELL LAMBERT,           *

    Plaintiff,           *

                        CASE NO. 1:08-cv-00080-SRW

v.           *

WINN-DIXIE STORES, INC.,           *    **Formerly in the Circuit Court of**
                                    **Houston County, AL**

    **Defendant.**           *    **Case No. 08-900008-L**

## DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

Comes now the Defendant, Winn-Dixie Stores, Inc. ("Winn-Dixie"), by and through

undersigned counsel, and supplements its Rule 26 disclosures to add the following:

    **A.    Individuals likely to have Discoverable Information which Winn-Dixie may use to Support its Claims or Defenses.**

        1.    James Boswell
                59 County Road 23
                Calera, Alabama.
                Phone: 334-397-4308

Mr. Boswell was a Winn-Dixie employee and has knowledge with regard to the condition of the area in which Plaintiff fell at the time of the accident.

M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Starnes & Atchison LLP
RSA Battle House Tower, 34th Floor
P. O. Box 1548
Mobile, AL  36633-1548
Phone: (251)  405-5065
E-mail:  wbutler@starneslaw.com
             sstevens@starneslaw.com

{B0850796}

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the ___29___ day of ___mAy___, 2008, served by U. S. Mail  a copy of the same to counsel at the following address:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL  36302
Fax:  334-793-8280
Phone: 334-793-1555


SCOTT D. STEVENS
STEVS0320



**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

**JAKE A. NORTON**
Attorney for Plaintiff
Post Office Box 927
Dothan, Alabama 36302
(334) 793-1555

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of June, 2008, served a copy of the foregoing upon counsel of record by placing a copy of same in the U.S. Mail, postage prepaid and addressed as follows:

Scott D. Stevens, Esquire
Starnes & Atchison, LLP
P.O. Box 1548
Mobile, Al. 36633

Of Counsel

## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

ANNIE BELL LAMBERT,                )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )    CASE NO. 1:08-cv-80-MEF
                                   )
WINN-DIXIE STORES, INC.,           )
                                   )
        Defendant.                 )

### ORDER

Upon consideration of the information submitted by the above parties, it is hereby

ORDERED that Plaintiff's Motion for Leave to Amend Complaint is Granted for the sole

purpose of changing Defendant's description to Winn-Dixie Montgomery, Inc.

DONE this the ____ day of _____, 2008.


                            _____
                            CHIEF UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ANNIE BELL LAMBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:08-cv-80-MEF |
| | ) |
| WINN-DIXIE MONTGOMERY, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

COMES NOW the Plaintiff in the above-styled cause, and amends her Complaint, changing the title to more accurately describe Defendant:

1.     On or about the 15th day of January, 2006, Plaintiff, while an invitee, was upon the premises of Defendant in Dothan, Houston County, Alabama, when Plaintiff fell and was injured.

2.     Plaintiff's said fall was the proximate result of the Defendant's negligence/wantonness in that with knowledge that a cooler was leaking water onto the floor of its store, Defendant allowed the water to remain there without cleaning it up and without warning Plaintiff of the presence of the water or the danger that it posed.

3.     As the proximate result of the Defendant's said negligence, the Plaintiff was caused to suffer medical expenses, lost wages, pain and suffering, mental anguish and/or emotional distress, and permanent disability.

4.     Plaintiff claims punitive damages of the Defendant because of the Defendant's wanton conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory and punitive damages and such other damages as are appropriate under the law and such sums as evidence may show and the jury shall find, plus costs of this action.

Amended on this the 4th day of August, 2008.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

*/s/ Jake A. Norton*

**JAKE A. NORTON  (NOR067)**
Attorney for Plaintiff
Post Office Box 927
Dothan, Alabama  36302
(334) 793-1555
(334) 793-8280 (facsimile)

**<u>JURY DEMAND</u>**

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

*/s/ Jake A. Norton*
OF COUNSEL
