## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANNIE BELL LAMBERT,** | * | |
| **Plaintiff,** | * | **CASE NO. 1:08-cv-80-MEF** |
| **v.** | * | |
| **WINN-DIXIE MONTGOMERY, INC.,** | * | **Formerly in the Circuit Court of Houston County, AL** |
| | * | **Case No. 08-900008-L** |
| **Defendant.** | | |

### ANSWER

**COMES NOW** Winn-Dixie Montgomery, Inc. (hereinafter "Winn-Dixie"), Defendant in the above-styled cause, and for answer to Plaintiff's Complaint states as follows:

1.      Defendant admits the time and place of said accident, but denies the remaining allegations of the paragraph and demands strict proof thereof.

2.      Denied.

3.      Denied.

4.      Denied.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the statute of limitations.

{B0889637}

### Third Affirmative Defense

The injuries sustained by Plaintiff resulted from a danger which was open and obvious or which should have been observed in the exercise of reasonable care, and therefore, the Plaintiff cannot recover from this Defendant as a matter of law.

### Fourth Affirmative Defense

The Plaintiff herself was guilty of negligence which proximately caused or contributed to her injuries and damages at the time and place referred in the Complaint, and therefore, the Plaintiff cannot recover from the defendant as a matter of law.

### Fifth Affirmative Defense

Plaintiff assumed the risk of her injuries.

### Sixth Affirmative Defense

Defendants breached no duty owed to Plaintiff.

### Seventh Affirmative Defense

Any alleged breach of duty by the Defendants was not the proximate cause of Plaintiff's injuries.

### Eighth Affirmative Defense

Defendant avers that any award of punitive damages in this case would be in violation of the constitutional safeguards provided under the Constitution of the United States of America.

### Ninth Affirmative Defense

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§13A-4-11 and 13(a)-5-12, *Code of Alabama* (1975), jointly and separately.

2

{B0889637}

<u>Tenth Affirmative Defense</u>

The claim of Plaintiff for punitive damages cannot be sustained, because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution and would be improper under the common law and public policies of the State of Alabama under applicable court rules and statutes.

<u>Eleventh Affirmative Defense</u>

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the <u>Constitution of the United States</u>; of the right to counsel provided by the Sixth Amendment of the <u>Constitution of the United States</u>; of the right to trial by jury of the Seventh Amendment of the <u>Constitution of the United States</u>; of the proportionality principles contained in the Eighth Amendment of the <u>Constitution of the United States</u>; the Due Process Clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, the defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

3

2.    The procedures to be followed would permit an award of punitive damages against the defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3.    The procedures to be followed would permit the award of multiple punitive damages for the same act or omission;

4.    There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against these defendants under present Alabama law;

5.    The standards of conduct upon which punitive damage are sought against these defendants are vague and ambiguous;

6.    The procedures used by Alabama courts and the guidelines given to the jurors; jointly and separately, are vague and ambiguous;

7.    The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notations of what the law should be instead of what it is;

8.    The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus fail to eliminate the effects of, and to guard against, impermissible juror passions;

9.    Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.   Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.   Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.   The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against these defendants;

4

13.    The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

14.    The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

15.    An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law.

## Twelfth Affirmative Defense

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

## Thirteenth Affirmative Defense

The imposition of punitive damages deprives these Defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1, 6 and 22 of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1.    The plaintiff seeks punitive damages in excess of the respective maximums established by the Alabama Legislature in §§13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;

2.    The procedures to be followed would permit the awarding of punitive damages against these defendants upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

{B0889637}

3.    The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4.    Punitive damages are penal in nature and the defendants, without procedural protection, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### Fourteenth Affirmative Defense

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, Section 6 of the <u>Constitution of Alabama</u> of 1901 because punitive damages are penal in nature and the defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

### Fifteenth Affirmative Defense

By virtue of *Alabama Code* § 6-11-20 (1975), punitive damages are not recoverable in this case.

### Sixteenth Affirmative Defense

Plaintiff cannot recover punitive damages against this defendant because such an award, which is penal in nature, would violate this defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States ("the United States Constitution"), unless this defendant is afforded the same procedural safeguards as are due a criminal defendant, including, but not limited to, the right to avoid self

{B0889637}

incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

Seventeenth Affirmative Defense

Subjecting this defendant to punitive damages, or affirming an award of punitive damages against this defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    Any award of punitive damages against this defendant under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) use of either Alabama Pattern Jury Instruction 11.03 or 11.18, or both, in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages; (d) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the

7

amount of the award of punitive damages; (f) under Alabama law and procedure, there is

no objective, logical, or rational relationship between the award, or the amount of the

award, of punitive damages and this defendant's alleged wrongful or culpable conduct;

(g) under Alabama law and procedure, there is no objective, logical, or rational

relationship between the award, or the amount of the award, of punitive damages and the

interests or goals of the State of Alabama referable to the imposition or allowance of

punitive damages; (h) in the event that a single verdict is mandated against all (or two or

more) defendants herein for an award of punitive damages in this case, such a single

verdict would be imposed regardless of the degree of culpability of a particular

defendant, and such a nonapportionment rule could result in a joint and several verdict

against all defendants whereby punitive damages could be assessed against one defendant

based in part upon the culpability of another defendant, and such a joint verdict in a

single amount could be enforced against this defendant for any portion of that judgment

regardless of this defendant's culpability, or relative culpability; (i) should the court

require the award of punitive damages in a single, joint and several verdict of one

amount, an adoption of this nonapportionment rule would be contrary to the objective of

punishing specific misconduct, and would be contrary to the objective of assessing

punitive damages according to culpability of conduct; (j) where a joint and several

punitive damages award is mandated to be in a single amount against each defendant,

such a rule additionally violates a defendant's rights to trial by jury as the jury would be

prohibited from apportioning damages against the defendants according to the degree of

culpability of the conduct of the respective defendants; (k) Alabama procedures, pursuant

to which amounts of punitive damages are awarded, permit the imposition of different

8

penalties for the same or similar acts; (l) under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages; (m) the procedures pursuant to which punitive damages are awarded fail to provide reasonable limit on the amount of the award against this defendant; (n) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standards of review for an award of punitive damages; (p) the procedures pursuant to which punitive damage are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and (q) an award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

## Eighteenth Affirmative Defense

Imposition of punitive damages in this case against this defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## Nineteenth Affirmative Defense

To award punitive damages against this defendant in this case would have a chilling effect upon this defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

9

<u>Twentieth Affirmative Defense</u>

In the event that any portion of a punitive damages award against this defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiff, such an award would violate the Excessive Fines Clause of the Eighth Amendments to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

<u>Twenty-First Affirmative Defense</u>

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable or criteria which govern the award, and the amount of the award, of punitive damages, this defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

<u>Twenty-Second Affirmative Defense</u>

Plaintiff's claim for punitive damages violates the rights of this defendant to due process and equal protection of the law as guaranteed by the Constitution of the United State and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in <u>Hammond v. City of Gadsden and Green Oil Company v. Hornsby</u> is unconstitutionally vague and inadequate in the following respects:

(a)     The <u>Hammond</u> and <u>Green Oil</u> procedure provides no clearly defined standard for courts to apply in reviewing punitive damages; (b) the <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review as to the issues of need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this defendant; (c) the <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a

10

vague standard regarding the relationship of the punitive damage award to the harm; (d)

the Hammond and Green Oil procedure does not address nor cure the lack of guidelines

given the jury in the assessment of punitive damages; (e) this procedure is inadequate in

that the trial court according to Hammond and Green Oil "may" take certain factors into

account and these procedures lack predictable and objective standards of review, allow

for inconsistent application of the factors, and allow for unpredictable and inconsistent

results; and (f) the Hammond and Green Oil procedure fails to provide definite and

meaningful constraints on jury discretion in awarding punitive damages.

### Twenty-Third Affirmative Defense

Defendant reserves the right to assert additional affirmative defenses after

additional discovery is conducted and/or completed.

> s/M. Warren Butler
> M. WARREN BUTLER
> BUTLM3190
> SCOTT D. STEVENS
> STEVS0320
> Attorneys for Winn-Dixie Montgomery, Inc.
> Starnes & Atchison LLP
> RSA Battle House Tower, 34th Floor
> P. O. Box 1548
> Mobile, AL   36633-1548
> Phone:  (251)  405-5065
> E-mail:  wbutler@starneslaw.com
>              sstevens@starneslaw.com

11

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 14 day of August , 2008, I filed the foregoing with the Clerk of the Court via U. S. Mail and served counsel of record as follows:

Jake A. Norton, Esq.
Cochran, Cherry, Givens,
Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL  36302
Fax:  334-793-8280
Phone:  334-793-1555

*s/M. Warren Butler*
M. WARREN BUTLER
BUTLM3190

{B0889637}